## SHAWNEE NAT. BANK v. UNITED STATES.

### (Circuit Court of Appeals, Eighth Circuit. March 4, 1918.)

### No. 5000.

1. JURY ⚖19(15)—FORFEITURES—NATURE OF PROCEEDINGS.

A proceeding to forfeit, under Rev. St. § 2140 (Comp. St. 1916, § 4141), an automobile seized on land, on the ground that it was used as a means for the introduction of intoxicating liquor into the Indian country, is one at law, and the parties are entitled to the usual rights and remedies incident to such an action, including the right to trial by jury.

2. APPEAL AND ERROR ⚖907(2)—PROCEEDINGS TO FORFEIT VEHICLE—PRESUMPTIONS.

Where, in a proceeding under Rev. St. § 2140 (Comp. St. 1916, § 4141), to forfeit an automobile on the ground that it was used as a means for the introduction of intoxicating liquor into Indian country, the court found that a chattel mortgagee had a valid lien, but that it was inferior to the rights of the United States under the forfeiture proceeding, it must be presumed, in absence of evidence, that the mortgagee had nothing to do with the introduction of the liquor into Indian country.

3. STATUTES ⚖241(2)—CONSTRUCTION—FORFEITURE.

It is a principle of natural law and justice that statutes will not be held to forfeit property, except for the fault of the owner or his agents, unless such a construction is unavoidable.

4. INDIANS ⚖35—INTRODUCTION OF LIQUORS INTO INDIAN COUNTRY—FORFEITURES.

Rev. St. § 2140 (Comp. St. 1916, § 4141), providing for a search of the boats, stores, packages, wagons, sleds, and places of deposit of one suspected of introducing intoxicants into Indian country, and declaring that, if such liquor is found therein, the same, together with the boats, teams, wagons, and sleds used in conveying the same, and also the goods, packages, and peltries of such person, shall be seized and forfeited, does not warrant a forfeiture of the interest of an innocent chattel mortgagee in an automobile used by the mortgagor, who was in possession, to convey intoxicants into Indian country, this being particularly true, as Act March 2, 1917, c. 146, 39 Stat. 969, subsequently passed, expressly declares that automobiles or other vehicles or conveyances used in introducing intoxicants into Indian country, whether used by the owner or other person, shall be subject to forfeiture as provided in section 2140, for the language of the section, as well as the congressional construction placed thereon,

---

⚖For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

indicates that no forfeiture should be allowed of any of the articles mentioned, except those owned by the guilty person.

5. INDIANS ☞35—INTRODUCTION OF LIQUOR INTO INDIAN COUNTRY—FOR FEITURES—"WAGONS"—"AUTOMOBILE."

 Section 2140 (Comp. St. 1916, § 4141), by specifying boats, teams, wagons, and sleds, excluded automobiles, as those vehicles were unknown when the section was enacted, and a wagon is drawn by force outside of itself, while an automobile, as its name suggests, is a self-propeller, and Congress, had it intended to include all means of conveyance, might properly have used the word "vehicles" or "conveyances," as it did in Act March 2, 1917, which extended the forfeiture provisions to automobiles, etc., instead of specifying certain ones.

6. APPEAL AND ERROR ☞671(1)—REVIEW—RECORD—QUESTION PRESENTED.

 Where the trial court found that a chattel mortgagee had a valid lien on an automobile, sought to be forfeited under Rev. St. § 2140 (Comp. St. 1916, § 4141), because used by the mortgagor to carry intoxicating liquors into Indian country, but declared the lien inferior to the claim of the United States, the mortgagee was entitled to raise on such record the question whether the automobile was subject to forfeiture, as well as whether its interest could be forfeited, as the findings did not support the judgment.

In Error to the District Court of the United States for the Western District of Oklahoma; John H. Cotteral, Judge.

Libel by the United States against one automobile in which the Shawnee National Bank filed an interplea, asserting its ownership of the machine under a chattel mortgage. The lien of the bank was held inferior to the claim of the United States under the forfeiture proceedings, and the Bank brings error. Reversed and remanded, with directions.

Joe M. Adams and W. L. Chapman, both of Shawnee, Okl., for plaintiff in error.

John A. Fain, U. S. Atty., of Lawton, Okl., and F. E. Ransdell, Asst. U. S. Atty., of Oklahoma City, Okl.

Before SANBORN, CARLAND, and STONE, Circuit Judges.

CARLAND, Circuit Judge. Under the provisions of section 2140, Revised Statutes of United States, as amended by Act March 1, 1907, c. 2285, 34 Stat. 1017 (Comp. St. 1916, § 4142), on August 22, 1916, a special agent of the Indian Bureau for suppression of the liquor traffic among Indians, being informed that two white persons by the names of Frank Cole and Rufus H. London, had introduced or were about to introduce spirituous liquors into the Indian country, to wit, the Shawnee Indian allotment of one Irene Whitehead, situated in the state of Oklahoma, searched an automobile then in the possession of said Cole and London, and found therein spirituous liquor which had been introduced into said Indian country by said Cole and London by means of said automobile. The automobile was thereupon seized and proceeded against by libel in the court below, and, no owner appearing to claim the same, a judgment of forfeiture was entered. Prior to the judgment of forfeiture, however, plaintiff in error, hereafter called the bank, by leave of court interpleaded in the forfeiture proceedings and alleged that it was the owner of a chattel mortgage

on said automobile, given by said Cole April 11, 1916, to secure the payment of a promissory note for the sum of $636, due October 11, 1916; that said chattel mortgage provided that Cole should remain in possession of the automobile until default should be made in the payment of the note, provided, always, that if, at any time, the bank should deem itself insecure, the debt and interest should become due, and the bank should have the right to take possession of the automobile and sell the same at public auction in order to satisfy the amount of the debt. It was also alleged that the mortgage was duly recorded in the proper office on April 13, 1916. The bank prayed that the automobile be delivered to it under the terms of the mortgage for the purpose of foreclosure and sale. The judgment of forfeiture reserved a decision as to the claim of the bank, the proceeds arising from the sale of the automobile in the forfeiture proceedings; amounting to the sum of $551, being ordered paid into court to await a decision on said claim.

Subsequently the court decided that the bank had a valid lien by virtue of its mortgage on the automobile to the amount of its debt at the time the same was seized, but that said lien was inferior to the claim of the United States under the forfeiture proceedings. The bank was therefore denied any relief, and the proceeds arising from the sale of the automobile, less costs, were ordered distributed, one-half to the United States and one-half to the informer.

[1] In view of the proceedings in the court below, it is proper to state that, the seizure in this case being on land and not within the admiralty jurisdiction of the United States, the action in the court below was properly an action at law, in which the parties were entitled to such rights and remedies as are incident to such an action in the federal courts, including the right to trial by jury. The Sarah, 8 Wheat. 391, 5 L. Ed. 644; Morris's Cotton, 8 Wall. 507, 19 L. Ed. 481; Confiscation Cases, 20 Wall. 92, 22 L. Ed. 320; Armstrong's Foundry, 6 Wall. 766, 18 L. Ed. 882; Confiscation Cases, 7 Wall. 454, 19 L. Ed. 196; Henderson's Distilled Spirits, 14 Wall. 44, 20 L. Ed. 815. There seems, however, to have been no disputed question of fact in issue at the trial, and, as no objection was made to the form of the proceeding or the manner of trial, nothing more need be said.

[2-4] Section 2140, under which the automobile was forfeited, reads as follows:

"If any * * * has reason to suspect or is informed that any white person or Indian is about to introduce or has introduced any spirituous liquor or wine into the Indian country in violation of law, * * * may cause the boats, stores, packages, wagons, sleds, and places of deposit *of such person* to be searched; and if any such liquor is found therein, the same, together with the boats, teams, wagons, and sleds used in conveying the same, and also the goods, packages, and peltries *of such person*, shall be seized and delivered to the proper officer, and shall be proceeded against by libel in the proper court, and forfeited, one-half to the informer and the other half to the use of the United States." Comp. St. 1916, § 4141.

It is claimed by counsel for the United States that the above statute treats the automobile in this case as the offender, without any regard whatsoever to the personal misconduct or responsibility of the owner

thereof, and therefore, as the automobile was found guilty, forfeiture followed as a matter of course, regardless of the rights of the bank under its mortgage, and that, if this position is not correct, still, as the trial court forfeited the automobile and the evidence is not in the record, we must presume that there was evidence that the bank knew or had good reason to know the use to which the automobile was being put. This last contention, of course, is inadmissible, for the reason that the court found that the bank had a valid lien upon the automobile, and, if we indulge in any presumption as to the connection of the bank with the introduction of the liquor into the Indian country, we must presume, in the absence of any evidence or finding to the contrary, that the bank had nothing to do with it.

Counsel for the bank claim that the statute above quoted simply forfeits the interest of the introducer of the spirituous liquor in the automobile; therefore, it not appearing that the bank had anything to do with the introduction of the liquor, its interest could not be forfeited. The United States District Court for the District of Montana in the case of United States v. Two Gallons of Whisky et al., 213 Fed. 986, decided that the above statute could not be held to forfeit property which had been borrowed by the person who introduced the liquor into the Indian country; the owner of the property not having any knowledge or information as to the use to which the property was to be put. United States v. 246 Pounds of Tobacco (D. C.) 103 Fed. 791.

In cases under revenue statutes a mortgagee is regarded with greater favor than the owner. United States v. Two Barrels Whisky, 96 Fed. 497, 37 C. C. A. 518. Where a smuggling statute authorized the forfeiture of any vessel "whose master should knowingly violate the act," it was held that a master of a vessel, who was appointed by less than a majority of the ownership of the vessel, could not, by violating the law, subject the majority interest to forfeiture. The Calypso, 230 Fed. 962, 145 C. C. A. 156. In United States v. 372 Pipes of Spirits, 5 Sawyer, 421, Fed. Cas. No. 16,505, under a statute which authorized the forfeiture of "spirits owned by such person," it was decided that a mortgagee would be protected to the extent of his debt. In United States v. Stowell, 133 U. S. 1, 10 Sup. Ct. 244, 33 L. Ed. 555, it was decided that the interest of the mortgagee on realty upon which an illicit still had been established would not be forfeited, where the mortgage was taken prior to the establishment of the still. It is also a principle of law and natural justice that statutes will not be held to forfeit property, except for the fault of the owner or his agents, unless such a construction is unavoidable. Peisch v. Ware, 4 Cranch, 347, 2 L. Ed. 643; United States v. 33 Barrels of Spirits, 1 Abb. U. S. 311, Fed. Cas. No. 16,470; Clinkenbeard v. United States, 21 Wall. 65, 22 L. Ed. 477.

There are cases cited upon other statutes which seem to support the contention of counsel of the United States, but we think justice requires us to adopt the view presented by counsel for the bank. An examination of the decisions under different statutes of the United States providing for the forfeiture of property shows that there are

two classes of statutes, one authorizing forfeiture irrespective of ownership, and the other making ownership of the wrongdoer a necessary element. Heidritter v. Elizabeth Oil Cloth Company (C. C.) 6 Fed. 138, affirmed 112 U. S. 294, 5 Sup. Ct. 135, 28 L. Ed. 729.

It is contended by counsel for the United States that the words "of such person" in the above statute, occurring after the word "peltries," by all rules of grammatical construction relate to the last antecedents, which are "goods," "packages," and "peltries," and do not relate back to boats, teams, wagons, and sleds; therefore the statute, so far as the words "boats," "teams," "wagons," and "sleds" are concerned, does not limit the forfeiture to the interest therein of the introducer of the spirituous liquor; while counsel for the bank claim that the words "of such person," where they appear after the word "peltries," have the same significance as they do in the previous part of the law following the words "places of deposit," and therefore the law only provides for the forfeiture of the property of the person who has introduced or is about to introduce spirituous liquor into the Indian country, and that when this meaning is given to the statute it excludes from forfeiture the special interest of the bank under its mortgage.

The decision of the question presented is not free from difficulty, but, taking into consideration the fact that the law is highly penal, and that before the property of a citizen may be confiscated a case clearly within the letter and spirit of the law must be made, we do not think it was the intention of the law to forfeit the interest of the bank in the automobile. We also are of the opinion that the words "of such person," where they occur in the law after the word "peltries," relate as well to the words, "boats, teams, wagons, and sleds" as to the words "goods, packages, and peltries." We are confirmed in this construction of the law, we think, by a paragraph in the law making appropriations for the current contingent expenses of the Bureau of Indian Affairs, approved March 2, 1917 (39 Stat. 969, c. 146) which reads as follows:

"For the suppression of the traffic in intoxicating liquors among Indians, $150,000: Provided, that *automobiles or any other vehicles or conveyances* used in introducing, or attempting to introduce, intoxicants into the Indian country, or where the introduction is prohibited by treaty or federal statute, whether used by the *owner thereof or other person*, shall be subject to seizure, libel, and forfeiture provided in section 2140 of the Revised Statutes of the United States."

The enactment of this law by Congress was a legislative declaration that in the opinion of Congress section 2140, as it read when the seizure in this case was made, did not authorize the seizure and forfeiture of any of the articles mentioned in section 2140, except those owned by the guilty party.

[5] There is another view of the law, not discussed by counsel, which makes it doubtful if an automobile comes within the language of the statute wherein it specifies those articles which may be forfeited. As we have said before, the statute is highly penal, and not in aid of the revenues. It must be, therefore, strictly construed, and all doubts resolved in favor of those against whom it is invoked. The statute specifies that boats, teams, wagons, and sleds may be forfeited. An

automobile is not a boat, a team, or a sled. Is it a wagon? The statute was enacted March 15, 1864 (13 Stat. 29, c. 33 [Comp. St. 1916, § 4136a]). At that time automobiles as a means of transporting passengers or freight were unknown; hence there can be no claim that Congress intended to include automobiles when it used the word "wagons." Automobiles have not been denominated, either by the public or lexicographers, as wagons. A wagon is drawn by a force outside of itself. An automobile, as its name suggests, is its own propeller. According to the letter of the law, an automobile is not within its terms. It was evidently to remedy this defect that the language above quoted from the act of March 2, 1917, was enacted. It makes the law read so as to include automobiles or any other vehicles or conveyances. Congress, when it enacted section 2140, could have used the word "vehicles," or conveyances, in general terms, so as to include all means of transportation. It did not choose to do so, but specified certain vehicles by name, and thereby, we think, excluded other kinds of conveyances.

[6] We are of the opinion that the bank is entitled to raise this question on the present record, as the findings do not support the judgment. Carrying out the theory on which the action was tried below, it results that the judgment rendered against the bank must be reversed, and the case remanded, with directions to pay over the proceeds resulting from the sale of the automobile to the bank in partial satisfaction of its mortgage; and it is so ordered.