## UNITED STATES v. ONE BUICK AUTOMOBILE.

(District Court, D. Colorado. February 13, 1919.)

No. 6882.

INDIANS ⬤⟿35—INTRODUCTION OF INTOXICANTS INTO INDIAN COUNTRY—FOR-
FEITURE OF AUTOMOBILE.

In Act March 2, 1917, § 1 (Comp. St. 1918, § 4141a), providing for the for-
feiture of automobiles or other vehicles used in introducing liquor into
the Indian country, "or where the introduction is prohibited by treaty
or federal statute," the phrase quoted must be limited to treaties or
statutes relating to Indian affairs, to which the statute solely relates, and
cannot be extended to apply to vehicles used in introducing liquors into
prohibition states in violation of Act March 3, 1917, § 5 (Comp. St. 1918, §
8739a).

Libel by the United States against One Buick Automobile. On ap-
plication for issuance of process. Denied.

Harry B. Tedrow, U. S. Atty., of Boulder, Colo., for plaintiff.

LEWIS, District Judge. This is an application for the issuance of
process in a proceeding brought to condemn and forfeit one Buick auto-
mobile. The libel of information verified and presented by the District
Attorney, on which the issuance of process is sought, discloses that the
automobile was seized by the State constabulary; that at the time it
was seized by the State officer it was in the possession and control of
one Anderson, a white person, and was then being used by Anderson in
introducing intoxicants into the State of Colorado from the State of
Wyoming, in violation of Section 5 of the Act of March 3, 1917, c. 162,
39 Stat. 1069 (Comp. St. 1918, § 8739a); that after its seizure the
Superintendent of the State constabulary turned said automobile over
to the custody of Roy O. Samson, Special Agent of the Bureau of In-
vestigation of the Department of Justice of the United States at
Denver, Colorado, and that said automobile is now in the custody of
said Samson, and is now held by him on the assumption that it is sub-
ject to forfeiture and sale because of its use as an instrument in carry-
ing on the unlawful traffic in violation of the Reed Amendment, Act
of March 3, 1917.

The District Attorney rests the libel on Section 4141, Compiled Stat-
utes (R. S. § 2140), and the Act of March 2, 1917, c. 146, 39 Stat. 970
(Comp. St. 1918, § 4141a). Section 4141 has been considered and ap-
plied by our Court of Appeals in Evans v. Victor, 204 Fed. 361, 122 C.
C. A. 531, and Shawnee National Bank v. U. S., 249 Fed. 583, 161 C.
C. A. 509. Neither case presented the issue now up, still they are in-
structive and helpful. The statute is of early origin, and has always
been continued as a part of the Congressional purpose of protecting
the Indian against the use of intoxicants. It is not now claimed that
Section 4141 could be carried beyond that immediate end without the
Act of March 2, 1917. That, too, is a part of an act dealing solely with
Indian affairs. The particular paragraph reads thus:

⬤⟿For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

"For the suppression of the traffic in intoxicating liquors among Indians, $150,000: Provided, that automobiles or any other vehicles or conveyances used in introducing, or attempting to introduce, intoxicants into the Indian country, or where the introduction is prohibited by treaty or Federal statute, whether used by the owner thereof or other person, shall be subject to the seizure, libel, and forfeiture provided in section twenty-one hundred and forty of the Revised Statutes of the United States."

It adds automobiles to the appliances named in the section and subjects them also to forfeiture when used in the traffic; but the particular matter of vital importance here rests upon the claim that the words "or where the introduction is prohibited by treaty or Federal statute," should be held to cover any and all territory within the contemplation of the Reed amendment (39 Stat. 1069, § 5).

Can such a meaning and purpose be reasonably attributed to the quoted phrase? If the words used clearly express that as the meaning and purpose of Congress the court will so apply them. The inquiry is to find out the intention of the lawmakers, and if that be clear from the language used the inquiry has been answered. "Attempted judicial construction of the unequivocal language of a statute or of a contract serves only to create doubt and to confuse the judgment. There is no safer or better settled canon of interpretation than that when language is clear and unambiguous it must be held to mean what it plainly expresses, and no room is left for construction." Swarts v. Siegel, 117 Fed. 13, 18, 54 C. C. A. 399, 404. Is the meaning and purpose claimed for the phrase clearly expressed by it? Does it within itself, without more, disclose that to be the intention of Congress, and one of the objects that were to be accomplished by the use of the phrase? There is hesitation in answering in the affirmative, and when there is hesitation there is doubt. Indeed, the phrase not only fails to clearly express the purpose claimed for it but the words themselves create ambiguity. Why "treaty" associated with "Federal statute"? Neither can be ignored. The legislative intent is to be discovered from something more than the mere words. The title of the Act is of some weight when there is doubt. Holy Trinity Church v. United States, 143 U. S. 457, 462, 12 Sup. Ct. 511, 36 L. Ed. 226. The prior Act to which it refers, or supplements, or on which it in part depends, can not be ignored. If the two treat of the same subject-matter they must be harmonized. With these general principles of interpretation in mind it seems quite evident there was no legislative purpose to deal with conditions that might arise under the Reed amendment, but that the only object in the use of the phrase was to protect the Indian against the introduction of intoxicants into territory other than Indian country, where perchance such introduction is prohibited by treaty with the Indian or by statute, or both. The course of legislation on the subject discloses that such prohibition by treaty or statute, or both, for the Indian's good was not unusual. Perrin v. U. S., 232 U. S. 478, 34 Sup. Ct. 387, 58 L. Ed. 691.

I know of no law that supports the proceeding and authorizes the condemnation and forfeiture. The order for process on the libel is therefore denied.