Chester Reed BILLEY, Simon G. Billey and Billy M. Tate, Appellants,

v.

STATE of Oklahoma, Appellee.

Nos. F–87–708, F–87–709 and F–87–710.

Court of Criminal Appeals of Oklahoma.

Nov. 5, 1990.

Gloyd L. McCoy, Deputy Appellate Public Defender, Norman, for appellants.

Robert H. Henry, Atty. Gen., A. Diane Hammons, Asst. Atty. Gen., Lee S. McIntire, Asst. Atty. Gen., Oklahoma City, for appellee.

## OPINION

JOHNSON, Judge:

CHESTER REED BILLEY, SIMON G. BILLEY and BILLY M. TATE, appellants, were tried by jury for the crime of Possession of Marijuana with Intent to Distribute in violation of 63 O.S.1981, § 2–401(B–2) in Case No. CRF–86–157 in the District Court of Caddo County. Each appellant was represented by counsel. The jury returned a verdict of guilty and set punishment at nine (9) years imprisonment for each appel-lant. The trial court sentenced each appellant in accordance with the jury's verdict. The three appeals have been consolidated since each appellant has alleged the same trial errors.

On August 27, 1986, Dale Yearwood was working in his field when he noticed three men near some marijuana plants that had been growing wild on his land. Mr. Yearwood went to his house and called the Caddo County Sheriff's Office to report the men. The sheriff's office directed Mr. Yearwood to contact the Eakly, Oklahoma, police department because of their closer proximity to his farm. Eventually, Don Recker, an Eakly police officer, accompanied by his friend Buddy Snyder, arrived at Mr. Yearwood's farm. After being directed to the men's location, Officer Recker and Mr. Snyder observed three men picking marijuana plants and putting them into a plastic trash bag and a pillow case. At the time of arrest, the three men had picked approximately thirteen (13) pounds of rough, raw cut marijuana, including stems. At trial, Officer Recker identified the appellants as the men he had arrested in Mr. Yearwood's field.

In the first assignment of error, the appellants contend that there was insufficient evidence presented at trial of intent to distribute the marijuana. Specifically, appellants assert that the evidence reflected that they were guilty only of unlawful possession. The State argues that the quantity of drugs alone is sufficient to support the jury's finding of an intent to distribute.

■ A review of our prior cases reveals that more than mere possession is required to support a finding of intent to distribute. In *Jones v. State*, 772 P.2d 922, 926 (Okl. Cr.1989), we found evidence of individual packaging, a large plastic baggie containing a number of smaller plastic zip lock baggies, a large amount of cash and the quantity of rock cocaine to be sufficient to support the jury's finding of intent to distribute. In *Gates v. State*, 754 P.2d 882, 885 (Okl.Cr.1988), we found evidence that the defendant had participated in an attempted sale of PCP to support the finding of intent to distribute. In *Fallon v. State*,

725 P.2d 603, 605 (Okl.Cr.1986), we found five baggies containing approximately 4,500 Diazepam pills to be sufficient evidence of intent to distribute. In *Champeau v. State*, 678 P.2d 1192, 1195 (Okl.Cr. 1984), we found evidence of drying racks, cut marijuana, irrigated fields, water hoses, pump houses and a total of four (4) tons of marijuana to support an inference of intent to distribute. Finally, in *Rudd v. State*, 649 P.2d 791, 794 (Okl.Cr.1982), we found evidence of eight individual baggies containing a total of seven ounces of marijuana to be sufficient to support an inference of an intent to distribute. In that case, it is clear that the amount and its form would allow such a finding or inference. In this case, the marijuana was still being cut; no baggies, scales, etc.

It is most important to note that the defendants did not own or farm the land. They did not cultivate or grow the marijuana but only were present to reap the harvest. The plants had been growing wild by a creek bank for over twenty years. The Sheriff of Caddo County had sprayed the plants to try and kill them a couple of years prior to this occurrence.

■ At trial, the State's attempt to prove the element of intent to distribute was based solely on circumstantial evidence. There was no evidence of selling, individual packaging, large amounts of cash or cultivation. While such factors are not necessarily prerequisites for proof of intent, such evidence does tend to support an inference of more than simple possession. Admittedly, circumstantial evidence need not exclude every possibility other than guilt, *White v. State*, 607 P.2d 713, 715 (Okl.Cr.1980); however, the evidence must tend to exclude every reasonable hypothesis other than guilt. *Id.*

■ After a review of the record, we find that the evidence proved that three individuals were observed cutting and possessing thirteen pounds of marijuana. While such quantity could be consistent with an intent to distribute, we cannot find that this quantity alone reasonably excludes possession for personal consumption. Thus, since it was at least equally plausible to conclude that the marijuana was intended for personal use, there is no proof beyond a reasonable doubt of intent to distribute.

■ This Court has the power under 22 O.S.Supp.1990, § 1066, to reverse, affirm or modify the judgment. It goes without question that the defendants are guilty of possession and all the appellants agree to this fact. Therefore, the judgment in this case should be modified from Unlawful Possession of Marijuana with Intent to Distribute to Unlawful Possession of Marijuana and remanded to the District Court to modify the judgment and sentence.

This case is hereby REVERSED and REMANDED to the District Court to modify the judgment and sentence to that of Unlawful Possession of Marijuana with the maximum sentence thereon.

PARKS, P.J., LANE, V.P.J., and BRETT, J., concur.

LUMPKIN, J., concurs in result.