33 F.3d 62
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Lawrence E. HOAGLIN, Petitioner-Appellant,
v.
R. Michael CODY; Attorney General of the State of Oklahoma,
Respondents-Appellees.
 No. 94-6094.
 United States Court of Appeals, Tenth Circuit.
 Aug. 25, 1994.
 
 ORDER AND JUDGMENT[1]
 Before SEYMOUR, Chief Judge, McKAY and BALDOCK, Circuit Judges.[2]
 
 
 1
 Petitioner Lawrence E. Hoaglin appeals the district court's denial of his petition for writ of habeas corpus, 28 U.S.C. 2254. We have jurisdiction under 28 U.S.C. 1291, and we affirm.
 
 
 2
 Petitioner was convicted of possession with intent to distribute a controlled dangerous substance, Okla. Stat. Ann. tit. 63, 2-401, after two or more former felony convictions, Okla. Stat. Ann. tit. 21, 51B, and was sentenced to thirty years imprisonment. Petitioner's conviction was affirmed on direct appeal, as was the denial of his subsequent application for post-conviction relief. Thereafter, Petitioner brought this action in federal district court seeking habeas relief. The district court denied the petition, and Petitioner appeals.
 
 
 3
 On appeal, Petitioner claims (1) his state court conviction is not supported by constitutionally sufficient evidence that he intended to distribute methamphetamine, and (2) his trial and appellate counsel were ineffective for their failure to seek dismissal of the charges against him on this basis.
 
 
 4
 To be entitled to federal habeas relief based upon insufficiency of the evidence, the petitioner must establish that, viewed in a light most favorable to the prosecution, "no rational trier of fact could have found proof of guilt beyond a reasonable doubt." Jackson v. Virginia, 443 U.S. 307, 324 (1979). This issue is a question of law we review de novo. Tapia v. Tansy, 926 F.2d 1554, 1562 (10th Cir.), cert. denied, 112 S.Ct. 115 (1991). In doing so, however, we do not sit as a trier of fact; rather, we presume the jury's findings in evaluating the credibility of each witness are correct. Id.
 
 
 5
 In determining whether the evidence is sufficient to sustain the petitioner's conviction, we refer to state law. See Jackson, 443 U.S. at 324. Under Oklahoma law, intent to distribute may be inferred from evidence of selling, individual packaging, large amounts of cash, or cultivation of the controlled substance. See Billey v. State, 800 P.2d 741, 743 (Okla.Crim.App.1990). On the other hand, mere possession of a quantity of a controlled substance that could be consistent with personal consumption is not enough to support a finding of intent to distribute. Id.
 
 
 6
 The evidence at trial indicated that Petitioner gave his accomplice $200 to purchase an "eight ball" of methamphetamine. Testimony indicated that an "eight ball" contains three and one-half grams, or fourteen doses of methamphetamine. Officer Hatfield testified that, based on his experience, this quantity of methamphetamine was consistent with distribution rather than personal consumption. Furthermore, although Petitioner received the methamphetamine in one large baggie from his accomplice, at the time the drug was seized, it had been divided up and packaged in seven small plastic baggies. Moreover, Officer Hatfield testified these small plastic baggies were of the type usually purchased at drug paraphernalia shops, and Petitioner's accomplice testified that dividing up the methamphetamine in this way was consistent with selling the drug. Finally, after Petitioner's accomplice gave the methamphetamine to Petitioner, she noticed that he engaged in at least two telephone conversations concerning drugs.
 
 
 7
 We conclude that from this evidence, viewed in the light most favorable to the prosecution, a rational trier of fact could have found Petitioner guilty beyond a reasonable doubt of intent to distribute methamphetamine under Oklahoma law. Unlike the situation in Billey, the prosecution in Petitioner's case introduced evidence that demonstrated more than mere possession of an amount of methamphetamine that could be consistent with personal consumption. See 800 P.2d at 743. This additional evidence, including the evidence of (1) the individual packaging of the methamphetamine in a manner consistent with selling, and (2) Petitioner's telephone calls concerning drugs following the delivery of the methamphetamine, properly supported the inference that Petitioner intended to distribute the methamphetamine. See id. at 743. Having determined the evidence of Petitioner's intent to distribute was constitutionally sufficient, we conclude the failure on the part of Petitioner's trial and appellate counsel to raise the issue did not constitute ineffective assistance of counsel.
 
 
 8
 Petitioner's application for a certificate of probable cause is GRANTED, and the judgment of the district court is AFFIRMED.
 
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470
 
 
 [2]
 Both parties waived oral argument. This case is therefore ordered submitted on the briefs