STATE of Oklahoma ex rel. Theresa
M. McGEHEE, District Attorney,
Appellant,

v.

1989 FORD F–150 PICKUP, 1993 TEXAS
LICENSE NO. DYI–252, VIN NO.
1FTHF36L7EKA09102; Sixty Dollars
and No/100 ($60); Eight Hundred Sixty
Dollars and No/100 ($860); and Eight
Thousand Six Hundred Ninety Dollars
and No Cents ($8,690), Defendants,

and

Jose Gonzalez and Humberto
Silex, Appellees.

No. 82356.

Court of Appeals of Oklahoma,
Division No. 2.

Nov. 22, 1994.

As Corrected Feb. 9 and 17, 1995.

Theresa McGehee, Dist. Atty., Greg Jenkins, Asst. Dist. Atty., Atoka, for appellant.

Roger Wiley, Eddie Harper, Stipe, Gossett, Stipe, Harper, Estes, McCune & Sparks, McAlester, for appellees.

REIF, Chief Judge.

The State appeals a summary judgment that denied forfeiture of a pickup truck and money that were seized upon the claimants' arrest for possession of marijuana. The claimants moved for summary judgment on the grounds that they were charged and convicted in municipal court for possessing marijuana and, therefore, forfeiture of the pickup truck and money would amount to an excessive fine and double jeopardy as a matter of law. In response, the State unsuccessfully argued that it was the "quality" of the claimants' act, and not the type or disposition of the criminal charges, that determines whether a civil forfeiture is proper. The State specifically asserted that "the circumstances surrounding the alleged possession of marihuana by the Claimants support an inference ... that the Claimants had an intent to distribute." The State also raised the statutory presumption that money found in

close proximity to controlled substances is forfeitable.

■ Upon review of the record, we reverse the summary judgment. We hold that the civil forfeiture statutes in question are remedial statutes that do not violate constitutional protections against excessive fines or double jeopardy, either on their face or in their application following a misdemeanor conviction for possessing marijuana. We also hold that material triable issues are presented concerning the claimants' intent to distribute and the statutory presumption.

The claimants relied on *Austin v. United States*, —— U.S. ——, 113 S.Ct. 2801, 125 L.Ed.2d 488 (1993), to support their argument that forfeiture of the pickup truck and money would constitute an "excessive fine" for simple possession of marijuana forbidden by the Eighth Amendment to the United States Constitution. They relied on *United States v. Halper*, 490 U.S. 435, 109 S.Ct. 1892, 104 L.Ed.2d 487 (1989), to support their argument that forfeiture of the pickup truck and money would also constitute a double jeopardy punishment for the single act of possession of marijuana in violation of the Fifth Amendment to the United States Constitution. In granting the summary judgment, the trial court expressly ruled that a forfeiture would violate these constitutional protections.

Both *Austin* and *Halper* dealt with federal forfeiture statutes that the court concluded were primarily penal in nature. In contrast, the provisions of the Oklahoma controlled substance forfeiture statutes applicable to the case at hand, 63 O.S.Supp.1993 §§ 2–503 and 2–506, are primarily remedial in nature. Their purpose is to abate past offending uses of property and to prevent future offending uses of the property. Other than the forfeiture of controlled substances themselves, all property mentioned in section 2–503 is subject to forfeiture by virtue of an offending use generally in relation to illegal manufacturing or distribution of controlled substances. As concerns the conveyance or vehicle forfeiture provision, this court has expressly held that a conveyance or vehicle is forfeitable only when it is an "instrumentality" for transportation, concealment, and cultivation of controlled substances for distribution. *State ex rel. McGehee v. 1983 Toyota Corolla*, 879 P.2d 830 (Okla.Ct.App.1994).

Another remedial aspect of the forfeiture statutes in question is the restriction on the government's use of funds derived from forfeitures. Under section 2–506(L)(3), funds can only be used by governmental agencies for: (1) payment of the actual expenses of preserving the property and legitimate costs related to civil forfeiture proceedings, and (2) enforcement of controlled dangerous substances laws, drug abuse prevention, and drug abuse education. Such extractions merely make the sovereign whole for the detriment attributable to, or incurred in the abatement of, nuisance-like uses of property that are directly linked to the greater societal problem of drug abuse.

Additionally, there is nothing legally or factually conclusive about a misdemeanor or ordinance violation conviction for simple possession of marijuana that would preclude a subsequent finding in a civil proceeding under a preponderance of the evidence standard that such possession was also with intent to distribute. Similarly, there is no reason why such a conviction would preclude a finding that a motor vehicle was being used as an "instrumentality" to transport and conceal marijuana for such intended distribution.

Forfeitures, being remedial civil proceedings, can be pursued in addition to, independent of and, even in the absence of, criminal charges for violations of the drug laws that must be proven beyond a reasonable doubt. The district attorney's decision to defer to municipal officials to prosecute the drug offense as simple possession, does not affect the district attorney's right to seek forfeiture of the pickup truck if a preponderance of the evidence establishes the pickup truck was "used to transport, conceal ... or in any manner to facilitate the transportation ... for the purpose of sale or receipt of [controlled substances]." 63 O.S.Supp.1993 § 2–503(A)(4).

■ As the parties moving for summary judgment, the claimants bore the burden of demonstrating that there were no legal or factual issues upon which reasonable minds

could differ, and that they were entitled to judgment as a matter of law. *See Spirgis v. Circle K Stores, Inc.,* 743 P.2d 682 (Okla.Ct. App.1987) (Approved for Publication by Oklahoma Supreme Court.). While the claimants did offer evidentiary materials to support their excessive fine and double jeopardy argument, they did not submit an affidavit or other evidentiary material to support their auto auction explanation for having a large sum of cash, nor did they controvert the arresting officer's affidavit.

The officer's affidavit recounts that he stopped the pickup truck because its speed was "clocked" at 66 mph in a 55 mph zone, and that after stopping the vehicle, he "noticed the odor of burnt marihuana coming from the vehicle." The affidavit further states that the claimant, Silex, was driving the vehicle and that the claimant, Gonzales, was a passenger. The affidavit recounts that each claimant was arrested after failing several sobriety tests and that "[a]pproximately ¼ ounce of marihuana was found on the person of [claimant], Silex" who also had "865.00 in cash." The claimant, Gonzales, was found to have $70.00 on his person. The affidavit further states that "some 15 grams of marihuana residue was subsequently found on the floor board of the pickup" and a "subsequent search of the vehicle revealed $8,690.00 in cash hidden in the impounded pickup."

This affidavit is clearly sufficient to support inferences that the claimants possessed the marijuana with intent to distribute and used the pickup truck to transport marijuana for distribution. *See Newton v. State,* 824 P.2d 391 (Okla.Crim.1991); *Billey v. State,* 800 P.2d 741 (Okla.Crim.1990). Furthermore, it provides a sufficient predicate for the presumption under section 2–503(A)(7), that the money found in the vehicle and on the person of the claimant, Silex, is forfeitable due to its close proximity to the marijuana. In view of this affidavit, the burden has shifted to the claimants to rebut the presumption. *Id.* Even if the auto auction explanation for the money set forth in the claimants' motion for summary judgment could be considered as controverting the officer's affidavit, the State must be afforded an opportunity to demonstrate that the prof-fered explanation is unworthy of credence and to do so, the State is "entitled to cross-examine the Claimants before the trier of fact." *State ex rel. Department of Public Safety v. 1983 Ford Bronco,* 877 P.2d 53, 54 (Okla.Ct.App.1994).

In view of the fact that there are no constitutional impediments per se to pursuing forfeiture under the circumstances of this case, and there being material triable issues presented by the record, the summary judgment is reversed and this case is remanded for further proceedings. Upon remand, we direct that the trial court order the return by the State of the money taken from the person of the claimant, Gonzales. This holding does not preclude the claimants from reurging the constitutional arguments of excessive fine or double jeopardy as defenses to forfeiture upon trial of the merits.

REVERSED AND REMANDED.

BOUDREAU, P.J., and RAPP, J., concur.