**The STATE of Oklahoma ex rel. Don E. WOOD, District Attorney, Appellee,**

v.

**GOLD/BLUE 1988 CHEVROLET BLAZER BEARING KANSAS TAG IDL865, VIN 1GNCT18Z9J0176308, and Carl F. Akin, Appellants.**

No. 86252.

Court of Appeals of Oklahoma,
Division No. 4.

July 9, 1996.

Scott Julian, Assistant District Attorney, Guymon, for Appellee.

Chris Eulberg, Eulberg Law Offices, Oklahoma City, for Appellants.

REIF, Judge.

Carl F. Akin appeals the judgment that rejected his "innocent owner" defense and ordered forfeiture of a vehicle that his son had used to transport cocaine with intent to distribute. The district attorney stipulated that Mr. Akin did not know or have reason to know that his son would use the car to transport cocaine, but argued that lack of knowledge or consent alone would not prevent forfeiture, unless his son's possession of the vehicle were also shown to be "unlawful." It was stipulated that Mr. Akin had "loaned the vehicle to his son, Craig Akin, to drive to New Mexico to search for a job." The trial court agreed with the district attorney that *both* showings were required by 63 O.S.Supp. 1995 § 2–503(A)(4)(b) to avoid forfeiture. The court cited a United States Supreme Court case construing a similar federal forfeiture statute as support for its literal application of the statute. For the reasons that follow, we hold that the trial court erred in rejecting Mr. Akin's "innocent owner" defense and in forfeiting the vehicle.

First, federal court cases construing federal forfeiture statutes, including opinions by the United States Supreme Court, are not controlling, or even helpful guidance, in construing Oklahoma forfeiture statutes, due to the fundamental difference in federal and state forfeiture law. *See State ex rel. McGehee v. 1989 Ford F–150 Pickup*, 888 P.2d 1036, 1037 (Okla.Ct.App.1994). Whereas the federal forfeiture statutes have been construed by federal courts to be primarily penal in nature based on the historical precedent underlying the federal law, Oklahoma's forfeiture statutes are grounded in the exercise of the state's police power and are primarily remedial in nature. *Id.* Oklahoma's forfeiture statutes operate "to abate past offending uses of property and to prevent future offending uses" and utilize funds derived

from forfeitures to "make the sovereign whole for the detriment attributable to, or incurred in the abatement of, nuisance-like uses of property that are directly linked to the greater societal problem of drug abuse." *Id.* Accordingly, Oklahoma case law is to be accorded greater weight than federal case law in construing Oklahoma's forfeiture statutes.

Next, the Oklahoma forfeiture statutes do not treat *all* owners of property that is subject to forfeiture by reason of its illegal use equally and uniformly with respect to the "innocent owner" defense. Common carriers are only required to show that they were not a consenting party or privy to the violation to avoid forfeiture under 63 O.S.Supp.1995 § 2–503(A)(4)(a), and owners of real property are only required to show that the violation was committed without their knowledge or consent under 63 O.S.Supp.1995 § 2–503(A)(8). In contrast, owners of private conveyances must show *both* lack of knowledge and consent *and* unlawful possession of the conveyance by the violator, under 63 O.S.Supp.1995 § 2–503(A)(4)(b). The lack of a rational basis for such disparate treatment is clearly illustrated by the case of a parent who gives his child permission to plant crops on a tract of land and loans him a tractor to do so. If the child cultivates marijuana on the land using the tractor without the parent's knowledge or consent, the land would not be subject to forfeiture, but the tractor would, even though the parent put the child into possession of both the land and the tractor and there was no knowledge of or consent for the illegal use of either. There is no sound reason for requiring a showing of "unlawful possession" of the tractor to avoid its forfeiture. In addition, if the child had borrowed money to buy a second tractor and given the bank a security interest in the tractor, the only showing that the bank would be required to make in order to avoid forfeiture would be that the loan was made and the security interest taken without knowledge that the tractor was to be used to cultivate marijuana. *See* 63 O.S.Supp.1995 § 2–506(H) and (I).

It is well settled that a law is "invidiously discriminatory" and offensive to equal protection "when it lays an unequal hand on those in the same class and same quality and not on another." *Kirk v. Board of County Comm'rs of Muskogee Co.*, 595 P.2d 1334, 1337 (Okla.1979). To avoid constitutional infirmity, all "innocent" owners must be extended the same unqualified defense. *See State ex rel. Moss v. 1980 Chevrolet Monte Carlo*, 831 P.2d 654, 655 (Okla.Ct.App.1992).

The literal application of section 2–503(A)(4)(b) in this case denied Mr. Akin equal protection by affording his innocent ownership lesser and different protection than afforded other innocent owners and ownership interests. Such an effect extends forfeiture beyond its legitimate remedial purposes and makes forfeiture a punitive or penal measure in cases of permissive users. In review of the forfeiture statutes as a whole, we cannot conclude that the legislature intended such an effect. We must construe and apply section 2–503(A)(4)(b) in such a way as to promote the remedial purposes of the forfeiture statutes and to avoid any penal or discriminatory effect. Declaring the "unlawful possession" showing unconstitutional provides a much more workable solution to this problem than the strained interpretation found in *State ex rel. Department of Public Safety v. 1988 Chevrolet Pickup*, 852 P.2d 786, 789 (Okla.Ct.App.1993). This case held that the use of a vehicle for a purpose outside the permission granted at the time of the loan of the vehicle, such as a use in violation of the law, converts the on-loan possession into an "unlawful possession" as to the innocent owner for purposes of section 2–503(A)(4)(b).

Reversed and Remanded with Instructions to Return the Vehicle to Mr. Akin.[1]

TAYLOR, P.J., and RAPP, C.J., concur.

---

1. The holding in this case is consistent with two    prior not for publication appeals of Division 4 of

the Court of Appeals—*State ex rel. Department of Public Safety v. 1988 Oldsmobile Toronado,* No. 77,376 (March 16, 1993), and *In the Matter of*

*Forfeiture of 1981 Pontiac Trans Am,* No. 74,807 (October 1, 1991).