STATE of Oklahoma, ex rel., Robert H. MACY, District Attorney of the Seventh Prosecutorial District, Appellee,

v.

1990 HONDA ACCORD, VIN# JHMCB7656LCO51166, and Kristi Coulter, Appellant.

No. 87126.

Court of Civil Appeals of Oklahoma, Division No. 3.

Dec. 2, 1996.

Rehearing Denied Jan. 24, 1997.

Jack L. Freeman, Edmond, for Appellant.

James Robertson, Assistant District Attorney, Oklahoma City, for Appellee.

MEMORANDUM OPINION

ADAMS, Vice–Chief Judge:

On February 10, 1996, the State filed a forfeiture action against a 1990 Honda Accord seized by Oklahoma City Police on January 16, 1994. Appellant Kristi Coulter, the owner of the vehicle, appeals the trial court's order granting the State's summary adjudi-

cation request and ordering forfeiture. She claims only that this forfeiture action constitutes double jeopardy because she has already been sentenced for the offense which the State says gave it the right to forfeit the vehicle. According to Appellant, the forfeiture is a second punishment for the same offense.

For support of her argument, Appellant relies on *United States v. Halper,* 490 U.S. 435, 109 S.Ct. 1892, 104 L.Ed.2d 487 (1989), *Austin v. United States,* 509 U.S. 602, 113 S.Ct. 2801, 125 L.Ed.2d 488 (1993), and *Department of Revenue of Montana v. Kurth Ranch,* 511 U.S. 767, 114 S.Ct. 1937, 128 L.Ed.2d 767 (1994). However, after the trial court decision in this case, the United States Supreme Court rejected arguments similar to those asserted by Appellant and held in *United States v. Ursery,* —— U.S. ——, 116 S.Ct. 2135, 135 L.Ed.2d 549 (1996), that *in rem* civil forfeitures based upon statutory provisions similar to the those employed here are not punishment for purposes of the Double Jeopardy Clause. Accordingly, we affirm the trial court's order.

AFFIRMED.

CARL B. JONES, P.J., and GARRETT, J., concur.