1998 OK CIV APP 57

STATE of Oklahoma, ex rel., Miles ZIM-
MERMAN, District Attorney for the 23rd
Judicial District, Plaintiff/Appellee,

v.

ONE BLACK WITH PURPLE TRIM
FORD FLARESIDE TRUCK, et
al., Defendants,

Peter D. Decker and Diana L. Decker,
Respondents/Appellants.

No. 87343.

Court of Civil Appeals of Oklahoma,
Division No. 3.

Dec. 12, 1997.

Certiorari Denied April 21, 1998.

John E. Lee, III, Oklahoma City, for Ap-
pellants.

Sarah Hawxby, Chandler, for Appellee.

W.A. Drew Edmondson, Attorney General,
Sandra D. Howard, Asst. Attorney General,
Oklahoma City, Amicus Curiae.

## OPINION

GARRETT, Judge:

¶1 Peter D. Decker and Diana L. Decker, owned a business known as Pete's Body Shop and Garage (Pete's), in Chandler, Oklahoma. A search warrant was issued for the search of the property at Pete's. As a result of the search, various items of personal property were seized. On December 19, 1994, Appellee filed an action to forfeit the personal property which had been seized, as well as the real property on which Pete's is located. Appellee alleged violations of the Oklahoma Motor Vehicle Chop Shop, Stolen and Altered Property Act (the Act), 47 O.S.1991 § 1501 et seq, specifically § 1505(A)(1), (2) and (3).[1] Notice was given. It stated, in part:

> That said PROPERTY was used or intended to be used in any manner or part, to commit, or to facilitate the commission of a violation of the Motor Vehicle Chop Shop, Stolen, and Altered Property Act, on or about the 1st day of November, 1994, but not limited to this date, and that the District Attorney has been presented with sufficient evidence to show that the Property was instrumentality of a violation of the Motor Vehicle Chop Shop, Stolen, and Altered Property Act.

¶2 No criminal charges were filed. After a non-jury trial, the trial court found Appellants had violated the Act and ordered the property forfeited. This appeal followed.

## I.

■ ¶3 Appellants' first proposition is as follows:

> The trial court erred in overruling the Appellants' motion to dismiss which argues the forfeiture provisions of the Motor Vehicle Chop Shop, Stolen and Altered Property Act are unconstitutional as being violative of the Appellants' right to trial by jury under Okla. Const. Art. 2, § 19.

¶4 Okla. Const. Art. 2 § 19 provides:

> The right of trial by jury shall be and remain inviolate, except in civil cases wherein the amount in controversy does not exceed One Thousand Five Hundred Dollars ($1,500.00), or in criminal cases wherein punishment for the offense charged is by fine only, not exceeding One Thousand Five Hundred Dollars ($1,500.00). Provided, however, that the Legislature may provide for jury trial in cases involving lesser amounts. Juries for the trial of civil cases, involving more than Ten Thousand Dollars ($10,000.00), and felony criminal cases shall consist of twelve (12) persons. All other juries shall consist of six (6) persons. However, in all cases the parties may agree on a lesser number of jurors than provided herein.
>
> In all criminal cases where imprisonment for more than six (6) months is authorized the entire number of jurors must concur to render a verdict. In all other cases three-fourths (3/4) of the whole number of jurors concurring shall have power to render a verdict. When a verdict is rendered by less than the whole number of jurors, the verdict shall be signed by each juror concurring therein.

¶5 Deckers argue that because the provisions of the Act provide for forfeiture of their property, the Act is penal in nature, and they are entitled to a jury trial. Since the Act does not provide for a jury trial, they contend, the Act is unconstitutional. They cite *Austin v. United States*, 509 U.S. 602, 113 S.Ct. 2801, 125 L.Ed.2d 488 (1993), which addresses the innocent owner defense within 21 U.S.C. §§ 881(a)(4) and (7), as authority that property forfeitures are more like punishment because they focus on the owner's culpability. Appellants also cite *Keeter v.*

---

1. § 1505. **Property subject to forfeiture—Determination of identity of rightful owner—Disposition of forfeited property—Issuance of new certificate of title or salvage certificate**

A. The following are subject to forfeiture unless obtained by theft, fraud or conspiracy to defraud and the rightful owner is known or can be identified and located:

1. any tool;

2. any implement; or

3. any instrumentality, including but not limited to, any motor vehicle or motor vehicle part, whether owned or unowned by the person from whose possession or control it was seized, which is used or possessed either in violation of Section 3 of this act or to promote or facilitate a violation of Section 3 of this act.

*State ex rel., Saye,* 82 Okl. 89, 198 P. 866 (1921), as authority that the Oklahoma Constitution requires a jury trial before their property may be forfeited.

¶ 6    In response, Appellee argues that although § 1503 [2] of the Act sets forth criminal penalties for violations of the Act, Appellants have not been charged with a crime; and, because this is a civil forfeiture proceeding, § 1505 of the Act is the applicable statute, Appellee contends that the necessary constitutional safeguards are contained in the statute, such as notice, the right to appear at a hearing, and the requirement that the State must prove by a preponderance of the evidence that the property was used in violation of the Act. Moreover, Appellee contends, *Austin v. United States,* supra, was distinguished by this Court in *State ex rel., Theresa M. McGehee v. 1989 Ford F–150 Pickup, et al.,* 1994 OK CIV APP 162, 888 P.2d 1036, as inapplicable because it dealt with federal forfeiture statutes that the court concluded were primarily penal in nature, unlike the Act and Oklahoma's Controlled Dangerous Substance Act, which are remedial civil proceedings. Cf. *State ex rel., Macy v. 1993 Honda Accord, VIN# JHMCB7656IC051166,* 1996 OK CIV APP 153, 934 P.2d 376, and *United States v. Ursery,* 518 U.S. 267, 116 S.Ct. 2135, 135 L.Ed.2d 549 (1996), cited therein, which hold that *in rem* civil forfeitures are not punishment for purposes of the Double Jeopardy Clause because they do not impose punishment and are distinct from potentially punitive *in personam* civil penalties, such as fines.

¶ 7    In *State ex rel., Wood v. Gold/Blue 1988 Chevrolet Blazer Bearing Kansas Tag IDL865, et al.,* 1996 OK CIV APP 86, 924 P.2d 792, this Court stated:

First, federal court cases construing federal forfeiture statutes, including opinions by the United States Supreme Court, are not controlling, or even helpful guidance, in construing Oklahoma forfeiture statutes, due to the fundamental difference in federal and state forfeiture law. See *State ex rel. McGehee v. 1989 Ford F–150 Pickup,* 888 P.2d 1036, 1037 (Okla.Ct.App.1994). Whereas the federal forfeiture statutes have been construed by federal courts to be primarily penal in nature based on the historical precedent underlying the federal law, Oklahoma's forfeiture statutes are grounded in the exercise of the state's police power and are primarily remedial in nature. *Id.* Oklahoma's forfeiture statutes operate "to abate past offending uses of property and to prevent future offending uses" and utilize funds derived from forfeitures to "make the sovereign whole for the detriment attributable to, or incurred in the abatement of, nuisance-like uses of property that are directly linked to the greater societal problem of drug abuse." *Id.* Accordingly, Oklahoma case law is to be accorded greater weight than federal case law in construing Oklahoma's forfeiture statutes.

¶ 8    The Oklahoma Supreme Court held in *Keeter v. State ex rel. Saye,* supra, that the Oklahoma Constitution requires a jury trial prior to the forfeiture of property. *Keeter* has not been overruled. Moreover, it is the

2. § 1503 provides in part:

A.   Any person who knowingly and with intent that a violation of this section be committed:

1.   owns, operates, or conducts a chop shop;

2.   transports any motor vehicle or motor vehicle part to or from a location knowing it to be a chop shop; or

3.   sells, transfers, purchases, or receives any motor vehicle or motor vehicle part either to or from a location knowing it to be a chop shop, upon conviction, is guilty of a felony, punishable by imprisonment for not more than ten (10) years, or by a fine of not more than One Hundred Thousand Dollars ($100,000.00), or both such imprisonment and fine.

B.   Any person who knowingly alters, counterfeits, defaces, destroys, disguises, falsifies, forges, obliterates, or knowingly removes a vehicle identification number, with the intent to misrepresent the identity or prevent the identification of a motor vehicle or motor vehicle part, upon conviction is guilty of a felony, punishable by imprisonment for not more than ten (10) years, or by a fine of not more than One Hundred Thousand Dollars ($100,000 .00), or both such imprisonment and fine.

C.   1.   Any person who buys, disposes, sells, transfers, or possesses a motor vehicle or motor vehicle part, with knowledge that the vehicle identification number of the motor vehicle or motor vehicle part has been altered, counterfeited, defaced, destroyed, disguised, falsified, forged, obliterated, or removed, upon conviction is guilty of a felony. . . .

only Oklahoma precedential authority which deals with the same issues that are before this Court in the present case. *Keeter* holds that Art. 2, § 19 of the Oklahoma Constitution requires a jury trial in civil actions to forfeit property, and in cases in which a jury trial was allowed at the time the Oklahoma Constitution was adopted. The Supreme Court stated:

> The case of *Shawnee National Bank v. United States, supra,* 249 F. 583, 161 C.C.A. 509, ...an action in the Eighth Circuit Court of Appeals to forfeit an automobile under Revised Statutes U.S. § 2140 (U.S. Compiled Statutes, § 4141), on the ground that it had been used in conveying intoxicating liquor into the Indian country, supports the rule that the claimant in the case at bar was entitled to a trial by a jury, for the reason it is authority to the effect that upon the admission of Oklahoma as a state into the Union, and at the time of the adoption of the Constitution of this state, in an action to forfeit such property as automobiles and other vehicles, the claimant was entitled to a jury trial, and it is for the reason that the rule prevailed prior to the adoption of our Constitution that claimants in this class of cases were entitled to jury trials that the right may be claimed since the adoption of the Constitution and was the right that the Constitution guaranteed should remain inviolate.

¶ 9  However, the Act which is being considered does not provide that a claimant is *not* entitled to a jury trial. It is silent in that respect. The fact the Act does not specifically provide for the right to a trial by jury does not make it unconstitutional. A forfeiture case should simply be treated the same as any other civil case. Until *Keeter* is overruled by the Supreme Court, we are bound by it. The Act is constitutional. However, Appellants were entitled to a jury trial. Denial of Appellants demand for a jury trial was error.

---

3.  Section (G)(6) allows the property owner to show he or she is an "innocent owner". It provides:

    6.  The owner of property may show by a preponderance of the evidence that the owner

## II.

¶ 10  In Appellants' second proposition, they contend:

> The trial court erred in overruling Appellants' motion to dismiss which argues the forfeiture provisions of the Motor Vehicle Chop Shop, Stolen and Altered Property Act are unconstitutional and contra to Oklahoma law because the quantum of proof required for forfeiture is merely "preponderance of the evidence" and not "beyond reasonable doubt."

¶ 11  Appellants contend the Act's provisions are nothing more than a procedure for punishment in the form of a fine. They also contend that placing the burden on the property owner, under § 1505(G)(6)[3], improperly requires the owner to prove the existence of facts in the negative which contravenes an accused's rights to presumption of innocence and proof of guilt beyond reasonable doubt as required by 22 O.S. § 836. Appellants were not on trial for committing a criminal act. Actions for the forfeiture of property are *in rem civil,* remedial proceedings whose purpose is to abate past offending uses of property and to prevent such uses in the future. *State v. 1989 Ford F–150 Pickup,* supra. The higher burden, proof beyond a reasonable doubt, is not required. Once the respondent [here, the Deckers] establishes title or right to possession, the State has the burden of proving its case by the preponderance of the evidence. We fail to perceive any error as alleged.

## III.

¶ 12  Appellants' third proposition is as follows:

> The trial court erred in overruling Appellants' motion for partial summary judgment asserting that real property is not subject to forfeiture under the Motor Vehicle Chop Shop, Stolen and Altered Property Act.

did not know, and did not have reason to know, that the property was to be used or possessed in the commission of any violation or that any of the exceptions to forfeiture are applicable.

¶ 13 Appellants contend real property is not included in § 1505(A) of the Act, which sets out the property subject to forfeiture, as opposed to the Uniform Controlled Dangerous Substances Act, 63 O.S.1991 § 2–503, which specifically includes real property. They contend construction of § 1505, which lists categories and examples of the intended types of property, requires the application of the doctrine of *ejusdem generis.* They cite *White v. Wint,* 1981 OK 154, 638 P.2d 1109, for explanation of the doctrine:

[T]his rule of construction applies when "(1) the statute contains an enumeration of specific words; (2) the members of the enumeration constitute a class; (3) the class is not exhausted by the enumeration; (4) a general reference supplementing the enumeration, usually following it; and (5) there is not clearly manifested an intent that the general term be given a broader meaning than the doctrine requires." 2A Sutherland Statutes and Statutory Construction § 47.18, at 109 (Sands 4th ed. 1973)....

¶ 14 Appellee responds that by including the term "instrumentality" in § 1505(A)(3), the Legislature intended to include real property. This sub-section provides:

3. *any instrumentality, including but not limited to,* any motor vehicle or motor vehicle part, whether owned or unowned by the person from whose possession or control it was seized, which is used or possessed either in violation of Section 1503 of this title *or to promote or facilitate a violation of Section 1503 of this title.* [Emphasis supplied.]

■ ¶ 15 This Court holds the failure to include real property in the statute shows the Legislature's intent to exclude it as forfeitable property under this Act. Statutes authorizing the forfeiture of property which is ordinarily used for legal purposes are to be strictly construed. *Pirkey v. State ex rel. Martin,* 1958 OK 153, 327 P.2d 463. We will not read into the statute an intention that real property, which is not mentioned or remotely included in any of the enumerated categories, should be included as forfeitable property under this Act. The trial court erred in including Appellants' real property in the order of forfeiture.

## IV.

¶ 16 Appellants' fourth and final proposition is:

The trial court's order of forfeiture is against the clear weight of the evidence as a matter of law.

■ ¶ 17 Appellants allege the judgment is against the clear weight of the evidence. They contend Appellee did not prove they knowingly received vehicles or vehicle parts with removed or obliterated Vehicle Identification Numbers (VIN's). We note Appellants have incorrectly stated the standard of review by this Court. In a civil action the trial court's judgment, absent error of law, will not be disturbed on appeal if there was any competent evidence reasonably tending to support the jury verdict or trial court's findings.

■ ¶ 18 Because Appellants were entitled to a jury trial, our review of this proposition is limited to determining whether the State introduced sufficient evidence to establish prima facie case. Our examination of this record reveals the State did so, and we need not address this issue further.

¶ 19 The judgment of the trial court is reversed, and this case is remanded to the trial court for further proceedings consistent with this opinion.

¶ 20 **REVERSED AND REMANDED.**

JONES, P.J., and ADAMS, C.J., concur.