GARNHARTS *v.* UNITED STATES.

Where, on an information for breach of the internal revenue laws, the record shows that an answer of a claimant was stricken out by the court, in a case in which he was entitled to a trial by jury, and judgment rendered against him as upon default, the court will not presume that the order was passed for good cause, unless enough is shown in the record to warrant such a conclusion.

---

* Meyer *v.* Muscatine, 1 Wallace, 384.

Any such judgment will accordingly be reversed, and the cause remanded with directions to permit the claimant to answer, and to award a *venire.*

ERROR to the District Court for the Middle District of Alabama; in which court, on an information against certain distilled spirits seized on land, and answer and claim, the court, on motion of the district attorney of the United States, ordered the claim and answer to be stricken from the files; and refusing to let the claimants either amend the old answer or file a new one, entered a decree condemning the property seized.

To this action of the court the claimants excepted, and brought the question of its propriety here.

*Messrs. J. W. Noble and N. P. Chipman, for the claimant, plaintiffs in error; Mr. G. H. Williams, Attorney-General, and Mr. C. H. Hill, Assistant Attorney-General, contra.*

Mr. Justice CLIFFORD stated the case more fully, and delivered the opinion of the court.

Distilled spirits, found elsewhere than in a distillery or distillery warehouse, not having been removed therefrom according to law, are declared to be forfeited to the United States by the thirty-sixth section of the act of the twentieth of July, 1868, imposing taxes on distilled spirits.*

Ninety-six casks of distilled spirits, duly assessed under that act, were, on the twenty-fourth of May, 1869, seized on land, at Montgomery, in the Middle District of Alabama, as subject to forfeiture, the taxes imposed not having been paid, and the casks with their contents having been found elsewhere than in a distillery or distillery warehouse. Seizure was made by the deputy collector, and he delivered the casks as seized to the marshal. Subsequently, to wit, on the tenth of June in the same year, the district attorney filed an information against the property seized, praying process against the property, and that the same might be condemned

---

* 15 Stat. at Large, 140.

as forfeited, which information sets forth the following causes of forfeiture : (1.) That the spirits were found at the place aforesaid in the control of J. H. Garnhart & Co., holding the spirits with intent to sell the same in fraud of the internal revenue laws; that when found they were not in any distillery or distillery warehouse, or in transit to any bonded warehouse, or intended for transportation. (2.) That the spirits had been removed from some distillery or distillery warehouse without a permit and without paying or securing the payment of the tax imposed thereon, or giving bond for the removal thereof to any bonded warehouse, and without having been inspected, bonded, gauged, or stamped as required by law. (3.) That the casks containing the spirits were not stamped, marked, or branded as required by law. Process was requested, and it is not denied that it was issued and served, and the persons in whose possession the spirits were found appeared on the twenty-sixth of June next after the seizure and filed their claim to the property, in which they allege that they are the true and *bonâ fide* owners of the ninety-six casks of distilled spirits, and it appears that they gave security for costs as required in such proceedings. Nothing further appears to have been done in the cause until the twenty-fifth of May, in the succeeding year, when the claimants appeared and filed an answer, in which they allege as follows: (1.) That they are the true and *bonâ fide* owners of the property in controversy. (2.) That they admit that the spirits were seized as set forth in the information. (3.) That the charges and allegations contained in each of the first three paragraphs of the information, are untrue. (4.) That the claimants never had any intention to defraud the United States, that the spirits were duly and legally stamped, and that the tax was paid as required by law.

Discrepancies are noticed in the record as to dates, arising doubtless from the fact that a second claim was filed, called in the transcript the claim and answer, but enough appears to enable the court to understand the proceedings and to

show that the judgment should be reversed, as it is stated in the bill of exceptions that issue was joined upon the answer, and that sundry depositions had been taken and were on file in court.

Where the seizure is made on land, the claimant is entitled to a trial by jury, if he appears and files an answer denying the facts set forth in the information. They, the claimants, did appear in this case, and the answer which they filed denies every material fact in the information set forth as a cause of forfeiture, and the bill of exceptions states that an issue had been joined upon that pleading. Repeated decisions of this court have established the rule that where the seizure is made on navigable waters, the case belongs to the instance side of the subordinate court, but where the seizure is made on land, the suit is one at common law, and the claimants are entitled to a trial by jury.* Beyond all question the claimants were entitled to a trial by jury, but the court, instead of granting them that right, entered an order, on motion of the district attorney, striking out the claim and answer; and having refused to allow the claimants to amend their answer or to file a new one, entered a decree condemning the property seized, and the claimants excepted. Much discussion of the error assigned is unnecessary, as it is clearly a good cause to reverse the judgment, as determined by this court in two cases where the question was fully considered. The cases of *Hozey* v. *Buchanan*,† and *Mandelbaum* v. *The People*,‡ both decide that it is error to strike out an answer filed by the defendant, which constitutes a good defence, and on which he relied as a defence to the charge made against him by the complaining party.

Suggestion is made that it does not appear upon what ground the order was made, which is all the worse for the prevailing party, as such an order can never be justified unless it was made for good cause appearing in the record.

---

* Confiscation Cases, 7 Wallace, 462; The Sarah, 8 Wheaton, 394; Armstrong's Foundry, 6 Wallace, 769; 3 Greenleaf on Evidence, § 396.

† 16 Peters, 218.                                   ‡ 8 Wallace, 313.

Where the record shows that the answer of the respondent was stricken out by the court, in a case in which the respondent was entitled to a trial by jury, and judgment was rendered against him as upon default, the court will not presume that the order was passed for good cause, unless enough is shown in the record to warrant such a conclusion.

JUDGMENT REVERSED, and the cause remanded with directions to permit the claimants to answer, and to award

A VENIRE.