### NATIONAL SURETY CO. v. UNITED STATES.

(Circuit Court of Appeals, Ninth Circuit. February 7, 1927.)

No. 4539.

1. **Internal revenue ⬅️46—Libel held to state ground for forfeiture of car used to defraud government of tax on liquor (Rev. St. § 3450 [Comp. St. § 6352]).**

Libel alleging use of automobile in removal and for deposit and concealment of distilled spirits with intent to defraud the United States of the tax thereon *held* to state ground for forfeiture, under Rev. St. § 3450 (Comp. St. § 6352).

2. **Jury ⬅️19(15)—Claimant, answering libel for forfeiture of automobile seized on land, is entitled to jury.**

Seizure of automobile having been on land, claimant is entitled to jury trial; he appearing and filing answer denying the facts set forth in libel for its forfeiture.

3. **Appeal and error ⬅️849(2)—Waiver of jury not having been in writing, appellate court cannot consider objection that there was no evidence to support forfeiture (Rev. St. § 649 [Comp. St. § 1587]).**

Where waiver of jury, so far as appears, was not by stipulation in writing, as required' by Rev. St. § 649 (Comp. St. § 1587), appellate court cannot review the testimony, or consider the objection that there was no evidence to support a forfeiture.

In Error to the District Court of the United States for the Northern Division of the Western District of Washington; Edward E. Cushman, Judge.

Proceeding by the United States to forfeit one Paige coupé and accessories. There was judgment of forfeiture, and the National Surety Company, claimant, brings error. Affirmed.

Hugh M. Caldwell and Robert H. Evans, both of Seattle, Wash., for plaintiff in error.

Thos. P. Revelle, U. S. Atty., and James W. Hoar, Asst. U. S. Atty., both of Seattle, Wash.

Before GILBERT, RUDKIN, and DIETRICH, Circuit Judges.

PER CURIAM. Proceedings were instituted in the court below by libel, under section 3450 of the Revised Statutes (Comp. St. § 6352), to condemn an automobile used in the removal and for the deposit and concealment of a quantity of distilled spirits with intent to defraud the United States of the tax thereon. The judgment of forfeiture has been brought here for review by writ of error.

[1] The plaintiff in error contends, first, that the allegations contained in the libel do not state a ground or cause for forfeiture under section 3450; second, that there was no evidence whatsoever to support a forfeiture under that section; and, third, that the government, by convicting the driver of the car under the National Prohibition Act (Comp. St. § 10138¼ et seq.), elected its remedy, and cannot now proceed against the automobile under the internal revenue laws. It appears from the record that the driver of the car was neither prosecuted nor convicted for- the crime of transporting intoxicating liquor in violation of law, and there could be no forfeiture of the automobile under the National Prohibition Act. The first and last contentions, therefore, have been decided adversely to the plaintiff in error by the Supreme Court, in United States v. One Ford Coupé Automobile, 47 S. Ct. 154, 71 L. Ed. ——, and Port Gardner Investment Co. v. United States (decided November 23, 1926) 47 S. Ct. 165, 71 L. Ed. ——.

[2, 3] Where a seizure is made on land, the claimant is entitled to a trial by jury, if he appears and files an answer denying the facts set forth in the libel. Garnhart v. United States, 16 Wall. 162, 21 L. Ed. 275; Shawnee National Bank v. United States (C. C. A.) 249 F. 583. There was a waiver of a jury in this case, but, so far as the record discloses, the waiver was not by stipulation in writing, as required by section 649 of the Revised Statutes (Comp. St. § 1587), and in the absence of such waiver the rule is well settled that we cannot review the testimony, or consider the second objection urged by the plaintiff in error.

The judgment is therefore affirmed.