## TALENT v. UNITED STATES.

Circuit Court of Appeals, First Circuit.
May 14, 1929.

No. 2323.

Essex S. Abbott, of Boston, Mass. (Abbott & Carroll, of Boston, Mass., on the brief), for appellant.

John V. Spalding, Asst. U. S. Atty., of Boston, Mass. (Frederick H. Tarr, U. S. Atty., and Elihu D. Stone, Asst. U. S. Atty., both of Boston, Mass., on the brief), for the United States.

Before BINGHAM and ANDERSON, Circuit Judges, and MORRIS, District Judge.

BINGHAM, Circuit Judge. April 30, 1928, the government filed a libel for the forfeiture of a certain quantity of liquor alleged to belong to Robert Talent, the appellant. It was a blanket libel, seeking the forfeiture of this particular liquor and a large quantity of other liquors alleged to belong to other persons.

Talent, on May 7, 1928, appeared and filed a claim and answer. In the claim he alleged that he was the owner of the particular liquors here in question, and his answer was in substance a general denial.

September 26, 1928, the case was set down for hearing and heard before the judge of the District Court without a jury, no written stipulation waiving a jury trial having been signed by the parties and filed in the case.

October 1, 1928, the District Judge rendered an opinion, without special findings, sustaining the libel, and on October 8, 1928, entered an order adjudging that the claim be denied and that the intoxicating liquors be condemned and forfeited to the United States. From this order the claimant appealed, assigning as error, among other things, the denial of certain requests made at the trial.

Among the errors assigned and here relied upon are the following: That the court erred (1) in sustaining the libel of forfeiture; (2) in refusing to rule that the libel is insufficient to authorize a decree of forfeiture, in that it does not state facts showing that the seizure was lawful and that the possession of the liquor at the time and place of the seizure was unlawful; (3) in ruling that there was a sufficient showing of probable cause for the issuance of the search warrant; (4) in ruling that the search warrant complied with the requirements of the Espionage Act (40 Stat. 217), requiring a positive statement that the property to be seized was on the place to be searched; and (5) in refusing to rule that the failure to set forth in the search warrant that the liquor was positively on the premises makes the search warrant and the seizure thereunder invalid.

The seizure in this case having been made on land, the issues raised by the pleadings were triable before a jury. Garnhart v. United States, 16 Wall. 162, 165, 21 L. Ed. 275; National Surety Co. v. United States (C. C. A.) 17 F.(2d) 372. And the appeal taken functions like a writ of error. 28 USCA § 861. But the case having been tried to the court, without filing a written stipula-

tion waiving a jury, none of the questions sought to be raised by the assignments of error are open for consideration, except the second one, assailing the sufficiency of the libel to authorize a decree of forfeiture, on the ground that it failed to contain allegations of fact showing that the seizure was lawful and that the possession of the liquor at the time and place of seizure was unlawful. It has long been established that in a jury case, where a written stipulation waiving a jury has not been filed, as required by Revised Statutes, § 649 (28 USCA § 773), and in the absence of special findings by the court, no question can be reviewed on a writ of error, except those which arise on the process, pleadings or judgment. Kearney v. Case, 12 Wall. 275, 20 L. Ed. 395; Flanders v. Tweed, 9 Wall. 425, 19 L. Ed. 678; Bond v. Dustin, 112 U. S. 604, 5 S. Ct. 296, 28 L. Ed. 835; Ladd & Tilton Bank v. Hicks Co. (C. C. A.) 218 F. 310; Ford v. United States (C. C. A.) 260 F. 657; Commissioners of Road Imp. Dist. v. St. Louis, S. W. R. Co., 257 U. S. 547, 562, 42 S. Ct. 250, 66 L. Ed. 364; Fleischmann Const. v. United States, 270 U. S. 349, 46 S. Ct. 284, 70 L. Ed. 624; Campbell v. United States, 224 U. S. 99, 32 S. Ct. 398, 56 L. Ed. 684; Merrill v. Floyd (C. C. A.) 53 F. 172 (1st Cir.); Law v. United States, 266 U. S. 494, 496, 45 S. Ct. 175, 69 L. Ed. 401; Smith v. Weeks (C. C. A.) 53 F. 758, 761 (1st Cir.).

If the libel in this case can be said to contain allegations disclosing that the liquors in question were unlawfully possessed by the appellant at the time and place of seizure (a doubtful conclusion), it is nowhere alleged in the libel that the seizure was lawful, nor does it state facts from which such an inference could be drawn.

In Castro v. United States, 23 F.(2d) 263, 265, this court, in discussing this question, said:

"It was essential that the libel to entitle the government to a judgment of forfeiture, should state facts showing that the possession of the liquor, at the time and place of seizure, was unlawful, and that the seizure was lawfully made. See The Ray of Block Island (C. C. A.) 11 F.(2d) 522; United States v. Specified Quantities of Intoxicating Liquors (C. C. A.) 7 F.(2d) 835; Daeufer-Lieberman Brewing Co. v. United States (C. C. A.) 8 F.(2d) 1, 3, 4."

As the libel was defective, the judgment or decree must be vacated and the case remanded to the District Court, where the government should be afforded opportunity to file an amended libel and have a new trial; and if trial is had to the court, and the parties desire to preserve a right to a full review, they should file a written stipulation waiving a jury, as required by Revised Statutes, § 649.

The judgment or decree of the District Court is vacated, and the case is remanded to that court for further proceedings not inconsistent with this opinion.