2007 OK CIV APP 20

The STATE of Oklahoma ex rel. Richard L. DUGGER, District Attorney for Beckham County, State of Oklahoma, and the District II Drug Task Force, Plaintiffs/Appellees,

v.

**TWELVE THOUSAND DOLLARS ($12,000.00) Cash, Defendant,**

and

**Ralph Passalacqua, Claimant/Appellant.**
**No. 98,995.**

Court of Civil Appeals of Oklahoma, Division No. 2.

Jan. 30, 2007.

Dennis Smith, District Attorney, Daniel C. Jacobsma, Assistant District Attorney, Sayre, OK, for Plaintiffs/Appellees.

M. Michael Arnett, The Arnett Law Firm, Oklahoma City, OK, for Claimant/Appellant.

JOHN F. FISCHER, Judge.

¶1 Ralph Passalacqua appeals from the Trial Court's denial of his request for a jury trial in a civil forfeiture proceeding. Based on our review of the record on appeal and applicable law, we reverse and remand for further proceedings.

## BACKGROUND FACTS

¶2 On February 27, 2002, Passalacqua and companion Robert James Dolan were stopped for speeding in Beckham County, Oklahoma. As a result of the stop, both men were arrested on suspicion of drug trafficking and twelve thousand dollars ($12,000) in cash was confiscated from their rental vehicle along with a small amount of suspected marijuana and other items that were consistent with drug trafficking. The Beckham County District Attorney filed a petition seeking forfeiture of the cash pursuant to 63 O.S.2001 § 2–503(A)(6) alleging, based on the sworn affidavit of the arresting officer, that the cash was intended to be used to purchase marijuana.

¶3 Both men were served but only Passalacqua appeared in the Trial Court. Passa-

lacqua filed an answer in which he denied that the cash was intended to be used to purchase marijuana. The matter was set for hearing on October 29, 2002. On October 14, 2002, Passalacqua filed a motion to enter the matter on the Trial Court's jury docket. On November 1, 2002, the Trial Court denied Passalacqua's request for a jury trial.[1]

¶ 4 On January 15, 2003, the Trial Court conducted the trial of the District Attorney's petition for forfeiture of the $12,000. At the beginning of that proceeding, Passalacqua again requested that the matter be tried to a jury. The Trial Court noted its previous ruling, Passalacqua's appeal of that ruling, the Supreme Court's non-dispositive pronouncement on the jury trial issue and proceeded to try the case without a jury. At the conclusion of that trial, the Trial Court found that the evidence supported the District Attorney's petition and granted the request for forfeiture of the $12,000. The Trial Court's Order memorializing that ruling was filed February 14, 2003. The sole issue raised in Passalacqua's timely appeal from that Order is whether the Trial Court erred in refusing to grant his request for a jury trial.

## STANDARD OF REVIEW

¶ 5 The Trial Court concluded that the applicable statute, 63 O.S.2001 § 2–506, did

1. Passalacqua filed a petition in error on December 3, 2002, Case No. 98,592, and sought to stay the bench trial. The Oklahoma Supreme Court denied the request to arrest the bench trial proceeding. On its own motion, the Court dismissed the appeal on January 6, 2003 for lack of an appealable order.

2. Several of these sections have recently been amended. We will refer to the versions in effect at the time of Passalacqua's arrest.

3. Section 2–503(A) provides:
The following shall be subject to forfeiture:
1. All controlled dangerous substances which have been manufactured, distributed, dispensed, acquired, concealed or possessed in violation of the Uniform Controlled Dangerous Substances Act . . .;
2. All raw materials, products, and equipment of any kind and all drug paraphernalia . . . which are used, or intended for use, in manufacturing, compounding, processing, delivering . . . injecting, ingesting, inhaling or otherwise introducing into the human body any controlled dangerous substance . . .;

not require a jury trial in forfeiture proceedings. Passalacqua argues that he was guaranteed the right to a jury trial by the Seventh Amendment to the United States Constitution and Article 2, § 19 of the Oklahoma Constitution. We review the Trial Court's determination of these legal issues *de novo.* *State ex rel. Dep't. of Human Servs. v. Baggett,* 1999 OK 68, ¶ 4, 990 P.2d 235, 238.

## DISCUSSION

### I. The Statutory Forfeiture Provisions

¶ 6 The State's petition sought forfeiture of the cash under the "Enforcement and Administrative Provisions" of the Uniform Controlled Dangerous Substances Act, 63 O.S. 2001 §§ 2–501 through 2–511.[2] The provisions of these civil statutes call for seizure and forfeiture of items used in relation to the illegal manufacture or distribution of controlled substances. Section 2–503 of the Act identifies "[p]roperty subject to forfeiture,"[3] and provides that all items forfeited under the section "shall be forfeited under the procedures established in Section 2–506 of this title." 63 O.S.2001 § 2–503(D).

¶ 7 Title 63 O.S.2001 § 2–506 provides, in pertinent part:

3. All property which is used, or intended for use as a container for property described in paragraphs 1 and 2 of this subsection;
4. All conveyances . . . which are used to transport, conceal, or cultivate for purposes of distribution . . .;
5. All books, records and research . . .;
6. All things of value furnished, or intended to be furnished, in exchange for a controlled dangerous substance . . . all proceeds traceable to such an exchange, and all monies, negotiable instruments, and securities used, or intended to be used, to facilitate any violation of the [Act];
7. All monies, coin and currency found in close proximity to forfeitable substances, to forfeitable drug manufacturing or distribution paraphernalia . . .;
8. All real property . . . which is used, or intended to be used . . . to commit . . . a violation of the [Act] which is punishable by imprisonment for more than one (1) year . . .; and
9. All weapons possessed, used or available for use in any manner to facilitate a violation of the [Act].

A. Any peace officer of this state shall seize the following property:

1. Any property described in subsection A of Section 2–503 of this title. Such property shall be held as evidence until a forfeiture has been declared or release ordered, except for property described in paragraphs 1, 2 and 3 of subsection A of Section 2–503 of this title;

. . . .

B. Notice of seizure and intended forfeiture proceeding shall be filed in the office of the clerk of the district court for the county wherein such property is seized and shall be given all owners and parties in interest.

. . . .

D. Within forty-five (45) days after the mailing or publication of the notice, the owner of the property and any other party in interest or claimant may file a verified answer and claim to the property described in the notice of seizure and of the intended forfeiture proceeding.

E. If at the end of forty-five (45) days after the notice has been mailed or published there is no verified answer on file, the court shall hear evidence upon the fact of the unlawful use and shall order the property forfeited to the state, if such fact is proved.

F. If a verified answer is filed, the forfeiture proceeding shall be set for hearing.

G. At a hearing in a proceeding against property described in paragraphs 4 through 6 of subsection A or subsections B and C of Section 2–503 of this title, the requirements set forth in said paragraph or subsection, respectively, shall be satisfied by the state by a preponderance of the evidence.

H. The claimant of any right, title, or interest in the property may prove a lien, mortgage, or conditional sales contract to be a bona fide or innocent ownership interest and that such right, title, or interest was created without any knowledge or reason to believe that the property was being, or was to be, used for the purpose charged.

. . . .

N. If the court finds that the state failed to satisfy the required showing provided for in subsection G of this section, the court shall order the property released to the owner or owners.

The Trial Court reviewed this statute and determined that there was nothing in the language that specifically required the jury trial requested by Passalacqua, and we do not find that interpretation unreasonable based on a plain reading of the statute. While the statute does require a "hearing," the term "jury trial" is not used.

¶ 8 The governing principle in statutory construction is legislative intent. *Rout v. Crescent Pub. Works Auth.*, 1994 OK 85, 878 P.2d 1045; *City of Chandler v. State ex rel. Dep't of Human Servs.*, 1992 OK 137, 839 P.2d 1352. This intent is ascertained from the whole act in light of its general purpose and objective. *Rout,* 1994 OK 85 at ¶ 10, 878 P.2d at 1050 (footnotes omitted). Nonetheless, the law abhors forfeitures, and statutes authorizing forfeiture of private property are to be strictly construed. *State v. Nesbitt,* 1981 OK 113, 634 P.2d 1306; *Willhite v. Willhite,* 1976 OK 17, 546 P.2d 612; *Pirkey v. State ex rel. Martin,* 1958 OK 153, 327 P.2d 463.

¶ 9 Passalacqua prevails in this appeal if he can establish that either the statute, the United States Constitution or the Oklahoma Constitution requires a jury trial in this forfeiture proceeding. Although the Trial Court correctly observed that the language of the statute does not unequivocally specify a jury trial, we find the constitutional issue dispositive.

## II. The Seventh Amendment

¶ 10 The Seventh Amendment provides: "In Suits at common law, where the value in controversy shall exceed twenty dollars, the right of trial by jury shall be preserved, and no fact tried by a jury, shall be otherwise re-examined in any Court of the United States, than according to the rules of the common law." U.S. Const. amend. VII. Where Congress creates a new statutory right but does not specify a statutory remedy, the parties retain their common law remedies: "[T]he ordinary common law remedy

carries with it its ordinary incident of jury trial." *U.S. v. One 1976 Mercedes Benz 280S*, 618 F.2d 453, 458 (7th Cir.1980). Federal jurisprudence makes clear that, "the Seventh Amendment created no new right to jury trial but merely preserve[d] the right to jury trial in cases where it was enjoyed under pre-existing law." *Id.* at 456.

¶ 11 Historically, forfeiture was a civil proceeding *in rem* in which the property utilized in the criminal enterprise was treated as being guilty of wrongdoing independent of the owner's or user's conduct. *Id.* at 454; *U.S. v. Real Prop. Located At 2101, 2280, 2401 and 2501 Maple Street*, 750 F.Supp. 817 (E.D.Mich.1990). Summary confiscation and destruction of private property declared to be a nuisance was also a well-recognized exercise of governmental authority, at least where the property was of "trifling value." *Lawton v. Steele*, 152 U.S. 133, 141, 14 S.Ct. 499, 502, 38 L.Ed. 385 (1894).

¶ 12 Critical to this analysis, however, is the nature of the property seized.

Courts have recognized two classes of cases of contraband subject to forfeiture by statute. The first class is contraband *per se*, which are things that may be forfeited because they are illegal to possess and not susceptible of ownership.... The second class is derivative contraband, which are things that may be forfeited because they are instrumentalities of a crime, but which ordinarily are not illegal to possess.

*Mims Amusement Co. v. South Carolina Law Enforcement Div.*, 366 S.C. 141, 621 S.E.2d 344, 348 (2005) (citing, among other cases, *State ex rel. Brett v. Four Bell Fruit Gum Slot Machines*, 1945 OK 261, 162 P.2d 539, ordering the forfeiture of illegal slot machines).

¶ 13 The forfeiture of contraband *per se* is a proceeding *in rem* to which no right to jury trial exists. *Moore v. Brett*, 1943 OK 101, 137 P.2d 539. That proceeding determines the ownership rights to the contraband and is binding on "the whole world," *Dearing v. State ex rel. Comm'rs of Land Office*, 1991 OK 6, ¶ 21, 808 P.2d 661, 667, because contraband *per se* cannot be owned by anyone.

*Four Bell Fruit Gum Slot Machines, 1945 OK 261* at ¶ 1, 162 P.2d at 540.

¶ 14 Where the property subject to forfeiture is not contraband *per se*, the issue is whether the property was used as an integral part of a crime. Absent proof of the criminal connection, the property is not subject to forfeiture. 63 O.S.2001 §§ 2–503 (A)(1); 2–503(A)(2); and 2–506. Forfeiture proceedings with respect to this kind of property are *quasi in rem* because they determine the rights to the property between or among competing interests. *See Epperson v. Halliburton Co.*, 1967 OK 212, 434 P.2d 877. Those interests include: (1) the right of the state to confiscate the property if it was used in a crime, *Moore*, 1943 OK 101 at ¶ 7, 137 P.2d at 540–41; (2) the right of the criminal defendant to claim the property was not used to commit a crime, *Brown v. State ex rel. Hester*, 1939 OK 207, 92 P.2d 351; and (3) the right of the owner or interest holder to claim the property because it was used in the criminal activity without permission or knowledge, *Shawnee Nat'l Bank v. United States*, 249 F. 583 (8th Cir.1918). It is with the second class of non-contraband property that we are concerned in this case.

¶ 15 The proper Seventh Amendment inquiry concerning the forfeiture of property that is not contraband *per se* is whether under English and American practice prior to ratification of the Bill of Rights on December 15, 1791, courts utilized jury trials "in civil proceedings in rem for enforcement of statutory forfeitures in violation of customs laws or other statutes." *One 1976 Mercedes Benz*, 618 F.2d at 458. "[B]oth English and American practice prior to 1791 recognized [jury] trial of *in rem* actions at common law as the established mode of determining the propriety of statutory forfeitures on land for breach of statutory prohibitions." *Id.* at 466.

¶ 16 Consequently, the United States Supreme Court has repeatedly recognized that the claimant in cases involving property that is not contraband *per se* is entitled to a jury trial. *The Sarah*, 8 Wheat. 391, 21 U.S. 391, 5 L.Ed. 644 (1823); *C.J. Hendry Co. v. Moore*, 318 U.S. 133, 152–53,

63 S.Ct. 499, 509–10, 87 L.Ed. 663 (1943); *Garnharts v. U.S.*, 16 Wall. 162, 83 U.S. 162, 21 L.Ed. 275 (1872). After conducting a thorough review of early forfeiture cases, the United States Court of Appeals for the Seventh Circuit concluded that when the forfeiture was prosecuted pursuant to federal law the property claimant's Seventh Amendment right to a jury trial was "inescapable." *One 1976 Mercedes Benz 280S*, 618 F.2d at 466.

¶ 17 However, this case is not prosecuted pursuant to federal forfeiture statutes. Further, the Seventh Amendment's guarantee of a jury trial in civil forfeiture cases is not applicable to the states. *City of Monterey v. Del Monte Dunes at Monterey, Ltd.*, 526 U.S. 687, 119 S.Ct. 1624, 143 L.Ed.2d 882 (1999); *Van Oster v. Kansas*, 272 U.S. 465, 47 S.Ct. 133, 71 L.Ed. 354 (1926); *Walker v. Sauvinet*, 92 U.S. 90, 23 L.Ed. 678 (1875); *Elliott v. City of Wheat Ridge*, 49 F.3d 1458 (10th Cir.1995); *GTFM, L.L.C. v. TKN Sales, Inc.*, 257 F.3d 235 (2nd Cir.2001). Consequently, Passalacqua's assertion of a Seventh Amendment right to jury trial in this case fails.

### III.  The Oklahoma Constitution

¶ 18 The Oklahoma Supreme Court has previously found that various federal constitutional rights govern civil forfeiture proceedings in Oklahoma. Citing *Austin v. United States*, 509 U.S. 602, 620–21, 113 S.Ct. 2801, 2811, 125 L.Ed.2d 488 (1993), our Court has held that civil forfeiture is penal in nature, and therefore, the "excessive fines" clause of the Eighth Amendment to the United States Constitution applies to forfeitures prosecuted pursuant to 63 O.S.2001 § 2–503. *State ex rel. Dep't of Pub. Safety v. 1985 GMC Pickup*, 1995 OK 75, ¶¶ 12–13, 898 P.2d 1280, 1283.[4]

¶ 19 *Austin* held that the Eighth Amendment applied to forfeitures prosecuted pursuant to federal statutes because they were part of the punishment for the crime. The notion of punishment cuts across the division between the civil and the criminal law. *Austin*, 509 U.S. at 610, 113 S.Ct. at 2805–06 (citing *U.S. v. Halper*, 490 U.S. 435, 447–48, 109 S.Ct. 1892, 1901, 104 L.Ed.2d 487 (1989)). "Thus, the question is not ... whether forfeiture under [federal statutes] is civil or criminal, but rather whether it is punishment." *Id.*, 113 S.Ct. at 2806. "[F]orfeiture generally and statutory *in rem* forfeiture in particular historically have been understood, at least in part, as punishment." *Id.* at 618, 113 S.Ct. at 2810. Language within the federal statute permitting an "innocent owner" defense "serve[s] to focus the provisions on the culpability of the owner in a way that makes them look more like punishment, not less." *Id.* at 619, 113 S.Ct. at 2810–11. The Oklahoma Supreme Court has held that this standard applies to civil forfeiture proceedings in state court. *1985 GMC Pickup*, 1995 OK 75 at ¶¶ 12–13, 898 P.2d at 1283. Clearly, the $12,000 at issue in this case would not have been subject to seizure absent its probable connection to the crime for which Passalacqua was arrested.

¶ 20 In *Turner v. City of Lawton*, 1986 OK 51, 733 P.2d 375, the Oklahoma Supreme Court barred forfeiture of property seized in violation of Article 2, § 30 of the Oklahoma Constitution and its corresponding exclusionary rule. The Court found that it was not limited by federal constitutional law if that law was "too restrictive for application under the standards of Oklahoma's fundamental law." *Turner*, 1986 OK 51 at ¶ 15, 733 P.2d at 380.

¶ 21 But here we are not concerned with determining whether Oklahoma's Constitution provides more protection than the Seventh Amendment, because federal law requires a jury in these circumstances. Our analysis of the Oklahoma Constitution is required because the Seventh Amendment does

---

4.  The Court has also noted that among the due process guarantees applicable in forfeiture proceedings is a decision based on the record. *State v. One Thousand Two Hundred Sixty–Seven Dollars*, 2006 OK 15, n. 37, 131 P.3d 116, 124, n. 37 (citing R. Rotunda & J. Nowak, Treatise on Constitutional Law: Substance and Procedure, § 17.8, p. 646 (2d ed.1992)). In *State ex rel. Macy v. Four Thousand Two Hundred Sixty Dollars and No/100 ($4,260.00)*, 1996 OK 96, 925 P.2d 50, the Court held that due process required constitutionally sufficient notice in forfeitures pursuant to section 2–506.

not provide Passalacqua a right to trial by jury in this state court civil proceeding.

¶ 22 Article 2, § 19 of the Oklahoma Constitution provides, in part:

The right of trial by jury shall be and remain inviolate, except in civil cases wherein the amount in controversy does not exceed One Thousand Five Hundred Dollars ($1,500.00), or in criminal cases wherein punishment for the offense charged is by fine only, not exceeding One Thousand Five Hundred Dollars ($1,500.00).

The nature of the right guaranteed by this provision:

has reference to the right as it existed in the territories at the time of the adoption of the Constitution, and the right to a jury trial therein referred to was not predicated upon the statutes existing in the territories at that time, but the right as guaranteed under the United States Constitution and according to the course of the common law.

*Keeter v. State ex rel. Saye*, 1921 OK 197, ¶ 0, 198 P. 866, 866 (Syllabus 1). Passalacqua's right to a jury trial is, therefore, dependent on the existence of that right at common law when the Oklahoma Constitution was adopted.

¶ 23 Our previous examination of federal law is, consequently, relevant to determining the state of the law in 1907. As the Seventh Circuit has thoroughly documented, the conclusion that the right to a jury in civil *in rem* forfeiture proceedings existed prior to 1791 is "inescapable." *One 1976 Mercedes Benz 280S*, 618 F.2d at 466. We have found nothing in our research to suggest that the federal government subsequently abrogated that right. Consequently, at least with the passage of the Organic Act in May of 1890, the right to a jury trial in civil *in rem* forfeiture proceedings existed in the Oklahoma and Indian Territories. *See* Organic Act §§ 28, 31, 2001 Okla. Stat., vol. 1. Writing in 1921, the Oklahoma Supreme Court concluded in *Keeter* that the right still existed in 1907.

It is undisputed that the Constitution of the United States and the common law were in force throughout the Indian Territory and the territory of Oklahoma upon the admission of Oklahoma into the Union, and the rule at that time was that in the trial of all causes that did not invoke the equitable or admiralty jurisdiction of the courts the party litigant was entitled to a jury trial.

*Keeter*, 1921 OK 197 at ¶ 6, 198 P. at 871.

¶ 24 *Keeter* decided the constitutionality of Section 2, ch. 188, of the Session Laws of 1917, which provided:

The court having jurisdiction of the property so seized shall without a jury order an immediate hearing as to whether the property so seized was being used for unlawful purposes, and take such legal evidence as are offered on each behalf and determine the same as in civil cases. . . .

*Keeter* involved the forfeiture of an automobile in which illegal liquor allegedly had been transported.

¶ 25 The Court had no difficulty recognizing the well-settled common law principle that property "ordinarily used for unlawful purposes and . . . decreed to be a nuisance per se may be forfeited without a trial by jury." *Keeter*, 1921 OK 197 at ¶ 6, 198 P. at 870. Equally well settled, however, was that the "Constitution of this state protects the citizen and his property, lawfully acquired and lawfully possessed, to the extent of guaranteeing to him a jury trial when the accusation is made that he has diverted his property from its ordinary lawful use to an illegal use." *Id.* The same result was reached in *Hoskins v. State ex rel. Crowder*, 1921 OK 260, 200 P. 168, holding that: "In an action to forfeit an automobile under chapter 188, Session laws 1917, wherein the claimant of said automobile, or party interested in same, files proper pleadings, raising an issue of fact sufficient to constitute a defense to a right of the state to forfeit said property, such party is entitled to a jury trial." *Id.* at ¶ 0, 200 P. 168 (Syllabus 3).[5] *See also State ex rel.*

---

**5.** *Cf., Maryland Nat'l Ins. Co. v. District Court*, 1969 OK 73, 455 P.2d 690, determining that a surety of a forfeited bail bond in a criminal case was not entitled to a jury trial because sureties

did not have that right at common law. We find that case distinguishable to the extent it was not concerned with the civil forfeiture of property used in connection with criminal activity. None-

*Zimmerman v. One Black with Purple Trim Ford Flareside Truck,* 1998 OK CIV APP 57, ¶¶ 8–9, 960 P.2d 844, 846–47 (noting that *Keeter* has not been overruled and is, therefore, binding on the appellate courts).

¶ 26 There are differences between section 2–506 and the statutes declared unconstitutional in *Keeter and Hoskins.* Most notably, the statute we review no longer contains the specific prohibition to a jury trial that *Keeter* found constitutionally objectionable. Nonetheless, we do not find that those differences dictate a different result. If a property claimant appears in a civil forfeiture proceeding concerning property that is not contraband *per se* and raises questions of fact by way of defense:

> [T]here is no escape from the conclusion that in a proceeding of [that] kind under the law as it existed prior to statehood the claimant would as a matter of right have been entitled to a trial by jury according to the course of the common law and the federal Constitution, and that being true, that right under the Constitution of this state remains with the claimant in such proceedings, and the Legislature is without power to take away from the citizen that protection.

*Keeter,* 1921 OK 197 at ¶ 6, 198 P. at 870.

¶ 27 Further, the holding in *Keeter* is consistent with the significant weight of authority from other states that have addressed this issue. *See e.g. Idaho Dep't of Law Enforcement v. Real Prop. Located in Minidoka County, Idaho,* 126 Idaho 422, 885 P.2d 381 (1994) (holding that civil forfeiture absent right to jury trial violated Idaho Constitution); *Maine v. One 1981 Chevrolet Monte Carlo,* 728 A.2d 1259 (Me.1999) (Maine Constitution recognizes a right to a trial by jury for parties in interest in a civil forfeiture proceeding); *People ex rel. O'Malley v. 6323 North LaCrosse Ave.,* 158 Ill.2d 453, 199 Ill.Dec. 690, 634 N.E.2d 743 (1994) (Illinois Constitution guarantees right to a jury trial in civil forfeiture proceeding involving real property allegedly used to facilitate drug trafficking); *Pennsylvania v. One Z–28 Ca-maro Coupe,* 530 Pa. 523, 610 A.2d 36 (1992) (Pennsylvania Constitution entitled owner of property, seized in a civil forfeiture, to a jury trial); *Dep't of Law Enforcement v. Real Prop.,* 588 So.2d 957 (Fla.1991) (forfeiture of property seized must be decided by jury trial); *People v. One 1941 Chevrolet Coupe,* 37 Cal.2d 283, 231 P.2d 832 (1951) (state constitution grants right to a jury trial for civil forfeitures of derivative contraband); *Oregon v. 1920 Studebaker Touring Car,* 120 Or. 254, 251 P. 701 (1926) (a jury trial is a prerequisite to the forfeiture of an automobile in which liquor was found); *Colon v. Lisk,* 153 N.Y. 188, 47 N.E. 302 (1897) (seizure statute violates state constitution by failing to provide for a jury); *Massachusetts v. One 1972 Chevrolet Van,* 385 Mass. 198, 431 N.E.2d 209 (1982) (right to jury trial existed at common law and preserved by state constitution); *Plimpton v. Town of Somerset,* 33 Vt. 283 (Vt.1860) (state statute making referee's report prima facie evidence of the facts reported violated common law right to a trial by jury).

¶ 28 Of the cases we reviewed, only courts in Michigan and Georgia reached a different result. *Swails v. Georgia,* 263 Ga. 276, 431 S.E.2d 101 (1993), *cert. denied,* 510 U.S. 1011, 114 S.Ct. 602, 126 L.Ed.2d 567 (1993) (right to jury trial not recognized in common law forfeitures, therefore not guaranteed by Georgia Constitution); *In re Forfeiture of $1,159,420,* 194 Mich.App. 134, 486 N.W.2d 326 (1992), *cert. denied sub nom., Hawkins v. Michigan,* 510 U.S. 867, 114 S.Ct. 189, 126 L.Ed.2d 147 (1993) (the right to a jury trial under state constitution did not apply to civil forfeiture because no such right existed at the time of adoption of the constitutional guarantee). However, it is not clear from Georgia's examination of that state's drug forfeiture proceedings whether the item seized was contraband or property found associated with criminal activity. Wisconsin has approved the analysis applied in *Keeter* but concluded that its deceptive advertising law was not recognized at common law and, therefore, its legislature's failure to require a

---

theless, the Court in *Maryland* acknowledged the holding in *Keeter* and applied the same analytical framework.

jury trial in forfeiture proceedings pursuant to that statute was fatal to the state's request for a jury trial. *Wisconsin v. Ameritech Corp.,* 185 Wis.2d 686, 517 N.W.2d 705 (Ct. App.1994), *review granted* 524 N.W.2d 138 (1994), *aff'd,* 193 Wis.2d 150, 532 N.W.2d 449 (1995). Therefore, our examination of the judicial landscape throughout the states reveals that only Michigan has found no right to jury trial in these circumstances.

¶ 29 Finally, Passalacqua's request for a jury trial presents the issue that was not present in *State v. One Thousand Two Hundred Sixty–Seven Dollars,* 2006 OK 15 at ¶ 5, 131 P.3d at 119–20, where both parties moved for summary judgment. There, the Court found no constitutional impediment to summary disposition because neither party requested a jury trial and summary adjudication would only be appropriate if no factual issues existed that were triable to a jury. *Id.* at ¶¶ 22–25, 131 P.3d at 125.

¶ 30 In contrast, neither party moved for summary judgment in this case and Passalacqua repeatedly asserted his right to a jury trial. The existence of factual issues in this case is underscored by the Trial Court's comments at the conclusion of the trial, in which it is clear that the weight of Passalacqua's testimony compared to the testimony of the arresting officer was a critical, if not the determinative factor in the Trial Court's decision. While we do not disagree with the Trial Court's evaluation of the evidence, the Oklahoma Constitution guarantees Passalacqua the right to have a jury make that determination.

## CONCLUSION

¶ 31 Trial by jury in civil cases involving more than $1,500 is guaranteed by Article 2, § 19 of the Oklahoma Constitution. That constitutional guarantee applies in forfeiture proceedings of property that is not contraband *per se* conducted pursuant to 63 O.S. 2001 § 2–506. The Trial Court erred, therefore, in denying Passalacqua's request for a jury trial. The judgment of the Trial Court is reversed, and this case is remanded for further proceedings consistent with this opinion.

¶ 32 **REVERSED AND REMANDED FOR FURTHER PROCEEDINGS.**

WISEMAN, P.J., and GOODMAN, J., concur.