**In re FORFEITURE OF CERTAIN REAL PROPERTY BY ACTION IN REM.**

[Cite as *In re Forfeiture of Certain Real Property by
Action in Rem* (1996), 112 Ohio App.3d 249.]

Court of Appeals of Ohio,
Eleventh District, Trumbull County.

No. 94–T–5039.

Decided July 1, 1996.

*Dennis Watkins,* Trumbull County Prosecuting Attorney, and *James M. Miller,* Assistant Prosecuting Attorney, for appellant.

*Keating, Keating & Kuzman* and *W. Leo Keating,* for appellee.

FORD, Presiding Judge.

Appellant, the Trumbull County Prosecuting Attorney, filed a complaint on July 31, 1992, in the Trumbull County Court of Common Pleas against the defendant property commonly known as 1016 Niles–Cortland Road, seeking a decree of forfeiture pursuant to the civil forfeiture statute set forth in R.C. 2925.43. Service of summons and complaint was duly made on persons known to have an interest in the property. A verified petition was filed on August 21, 1992, by appellee, Nancy L. Raymundo, in which she asserted an ownership interest in the property to the exclusion of her spouse, Emmanuel Raymundo. In a verified petition filed by Emmanuel Raymundo, he disclaimed any ownership interest in the property.

The matter initially proceeded to trial before the court on April 30, 1993, and was concluded on July 30, 1993. On February 22, 1994, the trial court rendered its judgment, including its findings of fact and conclusions of law. The court determined that appellee had shown by a preponderance of the evidence that she held title in fee simple to the property and that she was an innocent owner. Therefore, the court declared invalid the forfeiture of the property by virtue of R.C. 2925.43(E)(3).

The relevant facts of this case are undisputed by the parties, as both sides agree with the trial court's statement of the facts.

In May 1990, Emmanuel Raymundo's license to practice medicine was suspended by the State Medical Board of Ohio. Despite this suspension, Emmanuel Raymundo continued practicing medicine by continuing to see patients for a fee for the purpose of medical examination and diagnosis, including issuing numerous prescriptions for controlled substances and using the initials "M.D." in connection with the use of his name. The location from which Emmanuel Raymundo

illegally practiced medicine was the office building located at 1016 Niles–Cortland Road, which was owned by appellee.[1]

Following judgment that appellee was an innocent owner, appellant now appeals, raising the following single assignment of error.

"The trial court errored [*sic* ] in finding that [appellee], as record title owner of the defendant res, was an innocent owner whose interest was protected from forfeiture insofar as it was contrary to the manifest weight of the evidence and law."

Appellant contends that the trial court erred in finding that appellee, as owner of the property, was an innocent owner and that her interest in the property was protected from forfeiture.

■ The standard employed by appellate courts when examining a trial court decision on manifest weight grounds is well established. As the court stated in *C.E. Morris Co. v. Foley Constr. Co.* (1978), 54 Ohio St.2d 279, 8 O.O.3d 261, 376 N.E.2d 578, syllabus:

"Judgments supported by some competent, credible evidence going to all the essential elements of the case will not be reversed by a reviewing court as being against the manifest weight of the evidence."

■ Only where the trial court's decision is not supported by competent, credible evidence can this court reverse the trial court's judgment on manifest weight grounds.

■ In the present case, appellant argues that appellee cannot prevail because her own actions constitute acts that could be the basis of an order of civil forfeiture. Specifically, appellant asserts that appellee could be charged with complicity to commit drug trafficking in violation of R.C. 2923.03 and 2925.03.

The trial court made the following conclusions of law:

"There was no evidence submitted concerning criminal wrongdoing on the part of [appellee], although there was testimony that [appellee] occasionally worked as a receptionist during the patients' visits.

" * * *

"It is the position of this Court that the Ohio [forfeiture] statute also exempts an innocent owner. *Although it is possible that an attempt could have been made to show complicity or aiding and abetting by* [appellee], *there was no*

---

1. Although Raymundo's license to practice medicine was suspended in Ohio, he did retain his Pennsylvania license to practice medicine and conducted a practice there as well.

*evidence proferred [sic] to show that she might have been charged with a felony drug abuse offense.*

"It is uncontroverted that [appellee] was neither charged nor convicted of any felony drug abuse offense. The Court also finds that the state has failed to prove that her conduct would constitute a felony drug abuse offense or that she used or intended the real estate to be used to commit, or to facilitate the commission of, an act that, upon the filing of an indictment, complaint or information, could be prosecuted as a felony drug abuse offense. * * *

"The prosecution also failed to establish that [appellee] had any knowledge that her property was used or intended to be used by Dr. Raymundo, in any manner, to facilitate the commission of the specific felony drug abuse offenses of which he has been charged and convicted." [2] (Emphasis added.)

Appellant argues that these conclusions, however, appear to be in conflict with, and do not logically follow from, some of the court's findings of fact, including:

"During all times relevant to these forfeiture proceedings, said [appellee], spouse of Emmanuel L. Raymundo, was aware of Emmanuel L. Raymundo's suspension from practice of medicine in the State of Ohio and that the conditions for reinstatement of his license had not been met. * * *

"During the time period of Emmanuel L. Raymundo's suspension from the practice of medicine in the State of Ohio, [appellee] worked with Emmanuel Raymundo in his medical practice located at 1016 Niles–Cortland Road, Warren, Ohio, as a receptionist including making appointments and taking payments. * * *

"In addition to duties as receptionist in Emmanuel L. Raymundo's medical practice, at 1016 Niles–Cortland Road, Warren, Ohio, [appellee] telephoned in prescriptions to various pharmacies for controlled substances on behalf of patients of Emmanuel L. Raymundo during the time period of his suspension from the practice of medicine, although no evidence was introduced to indicate the location from which such calls were made. * * * "

There is no dispute that Emmanuel Raymundo violated the terms of his suspension by practicing medicine in the building owned by his wife. Appellant claims that appellee could thus be charged with complicity to commit that crime pursuant to R.C. 2923.03(A) and, therefore, could be prosecuted and punished as if she were a principal offender under R.C. 2923.03(F). However, even if true, the trial court cannot render its decision in a vacuum. It was the state's obligation to present evidence which showed that appellee could have been

---

2. See *State v. Raymundo* (Aug. 18, 1995), Trumbull App. No. 94–T–5025, unreported, which reversed the convictions and remanded the cause for a new trial.

charged with complicity to commit this crime. Simply presenting evidence as to the conduct of Dr. Raymundo does not automatically lead to the conclusion that appellee could be charged with complicity. Given the standard of review employed by appellate courts for manifest-weight issues, we cannot say that the trial court created a manifest miscarriage of justice which warrants reversal when it so decided.

A review of the transcript in this matter reveals that the trial court's decision was supported by ample evidence to allow the trial court to hold as it did. As the court in *Seasons Coal Co. v. Cleveland* (1984), 10 Ohio St.3d 77, 79–80, 10 OBR 408, 410–411, 461 N.E.2d 1273, 1276, stated:

"While we agree with the proposition that in some instances an appellate court is duty-bound to exercise the limited prerogative of reversing a judgment as being against the manifest weight of the evidence in a proper case, it is also important that in doing so a court of appeals be guided by a presumption that the findings of the trier-of-fact were indeed correct. * * *

"The underlying rationale of giving deference to the findings of the trial court rests with the knowledge that the trial judge is best able to view the witnesses and observe their demeanor, gestures and voice inflections, and use these observations in weighing the credibility of the proffered testimony. * * *

" * * *

" * * * We believe that an appellate court should not substitute its judgment for that of the trial court when there exists, as in this case, competent and credible evidence supporting the findings of fact and conclusions of law rendered by the trial judge." (Footnote omitted.)

While this court may have decided this case differently were it reviewing this case *de novo,* we simply cannot say that the trial court decision was not supported by sufficient competent, credible evidence. While appellant presented ample evidence that Dr. Raymundo engaged in certain illegal activities on the property, the state chose to not produce evidence which showed that appellee could have been charged with complicity to commit a drug offense.

Additionally, a review of the transcript in this case shows that testimony was presented by appellee that she did not call in prescriptions for controlled substances, that on each occasion on which the state alleged that she participated by assisting her husband, she was working at Imperial Nursing Home, that appellee attempted to terminate her husband's illegal activities, and that appellee did not further intervene due to intimidation and fear of domestic violence from him. Because appellee presented sufficient evidence that, when believed, would invalidate the forfeiture, the trial court did not err when it ruled as it did. We

cannot reverse on manifest-weight grounds simply because appellant disagrees with the trial court's conclusions and would have found otherwise.

Accordingly, appellant's assignment of error is without merit. The judgment of the trial court is affirmed.

*Judgment affirmed.*

CHRISTLEY, J., concurs.

JOSEPH E. MAHONEY, J., dissents.

JOSEPH E. MAHONEY, Judge, dissenting.

I respectfully dissent from the foregoing opinion. While there was conflicting evidence presented from which the trial court, as finder of fact, could have determined that Nancy Raymundo was an innocent owner, the trial court's own findings of fact support the proposition that she was not an innocent owner. It is undisputed that she knew her husband's license to practice medicine had been suspended and yet he continued to practice medicine out of the building she owned. While she may not have approved of his continued activity, she actively participated and helped him in his practice by working as his receptionist. Her duties included scheduling appointments and taking payments.

Additionally, there was evidence presented that Nancy Raymundo telephoned in prescriptions to various pharmacies for controlled substances on behalf of her husband's patients.

There is no dispute that Emmanuel Raymundo violated the terms of his suspension by practicing medicine in the building owned by his wife. Appellant claims that Nancy Raymundo could be charged with complicity in that crime pursuant to R.C. 2923.03(A) and, therefore, could be prosecuted and punished as if she were a principal offender under R.C. 2923.03(F). I agree. I believe the state presented sufficient evidence to show that Nancy Raymundo could have been charged with complicity.

Accordingly, I would reverse the trial court's decision and remand the cause. I must, therefore, respectfully dissent.