OPINION
{¶ 1} Appellant Carol Mason appeals the August 28, 2006 Judgment Entry of the Stark County Court of Common Pleas ordering forfeiture of real property located at 345 North Liberty Avenue, Alliance, Ohio. Plaintiff-appellee is the State of Ohio.
 STATEMENT OF THE CASE AND FACTS {¶ 2} On July 29, 2004, the State filed a motion for forfeiture of the property located at 345 North Liberty Avenue, Alliance, Ohio. Appellant owns the property.
 {¶ 3} On June 9, 2006, the trial court conducted a hearing, at which the following evidence was introduced:
 {¶ 4} Appellant purchased the property with her own funds, paying $2,500-$3,000. At the time of purchase, the home was in need of extensive repairs and was not in livable condition. Appellant paid her son some money to have work done on the house, but not a substantial amount.
 {¶ 5} Appellant's son, Steve Mason, moved into the house with his girlfriend and two daughters. Appellant never resided in the house; rather, appellant resided in Altercare of Alliance, following a decline in her health.
 {¶ 6} Appellant was aware her son had been involved in drug trafficking offenses as far back as 1995. While appellant resided elsewhere, she also knew he had been arrested several times for drug trafficking offenses while residing in the house.[1]
 {¶ 7} Appellant visited the property and observed improvements to the property, but believed her son paid for the repairs with money he earned from employment. *Page 3 
 {¶ 8} Steve Mason's parole officer testified the home had not been substantially improved since 2000.
 {¶ 9} Captain Scott Griffith of the Alliance Police Department was familiar with appellant's family. He testified he had lengthy conversations with appellant related to her son's criminal arrests. He further testified he was familiar with the property in question, and prior to the improvements done by Steve Mason, the house was in deplorable condition. Captain Griffith observed repairs, including sidewalls, the roof, doors and front porch torn off and replaced. Most of the repairs were done immediately when the Mason family took possession of the home. Incident to his arrest and investigation of Steve Mason's narcotics involvement, Steve Mason told Captain Griffith he had used drug money and individuals paid with drugs to complete the improvements to the home. Captain Griffiths witnessed known drug users conducting carpentry and brick laying on the home as it was being remodeled.
 {¶ 10} Following the hearing, via Judgment Entry of August 28, 2006, the trial court ordered the property forfeited to the State.
 {¶ 11} Appellant now appeals, assigning as error:
 {¶ 12} "I. THE TRIAL COURTS FINDING THAT THE APPELLANT FAILED TO ESTABLISH BY A PREPONDERANCE OF THE EVIDENCE THAT SHE WAS AN INNOCENT OWNER OF THE PROPERTY AT 345 NORTH LIBERTY WAS AGAINST THE MANIFEST WEIGHT AND SUFFICIENCY OF THE EVIDENCE.
 {¶ 13} "II. THE TRIAL COURT ABUSED ITS DISCRETION BY IMPOSING A GREATER STANDARD TO INQUIRE AS TO WHETHER THE REPAIRS TO THE *Page 4 
HOME UTILIZED THE PROCEEDS FROM NARCOTICS SALES THAN R.C.2933.43 REQUIRES.
 {¶ 14} "III. THE TRIAL COURT COMMITTED PLAIN ERROR IN FAILING TO DISMISS A CASE WHEREIN THE STATE EXCEEDED ITS STATUTORY TIME LIMITS FOR THE FORFEITURE OF THE PROPERTY."
 II {¶ 15} We will first address appellant's second assignment, as we find the argument raised therein by appellant dispositive of the first assignment of error.
 {¶ 16} In the second assignment of error, appellant maintains the trial court imposed a greater burden on appellant to inquire as to whether the repairs to the home utilized the proceeds from narcotics sales than the standard required under R.C. 2933.43.
 {¶ 17} Section 2933.43(C) provides, in pertinent part:
 {¶ 18} "(C) The prosecuting attorney, village solicitor, city director of law, or similar chief legal officer who has responsibility for the prosecution of the underlying criminal case or administrative proceeding, or the attorney general if the attorney general has that responsibility, shall file a petition for the forfeiture, to the seizing law enforcement agency of the contraband seized pursuant to division (A) of this section. The petition shall be filed in the court that has jurisdiction over the underlying criminal case or administrative proceeding involved in the forfeiture. If the property was seized on the basis of both a criminal violation and an administrative regulation violation, the petition shall be filed by the officer and in the court that is appropriate in relation to the criminal case. *Page 5 
 {¶ 19} * * *
 {¶ 20} "No property shall be forfeited pursuant to this division if the owner of the property establishes, by a preponderance of the evidence, that the owner neither knew, nor should have known after a reasonable inquiry, that the property was used, or was likely to beused, in a crime or administrative violation. * * *"
 {¶ 21} (Emphasis added.)
 {¶ 22} Ohio Revised Code Section 2925.43 provides:
 {¶ 23} "(A) The following property is subject to forfeiture to the state in a civil action as described in division (E) of this section, and no person has any right, title, or interest in the following property:
 {¶ 24} "(1) Any property that constitutes, or is derived directly or indirectly from, any proceeds that a person obtained directly orindirectly from the commission of an act that, upon the filing of an indictment, complaint, or information, could be prosecuted as a felony drug abuse offense or that, upon the filing of a complaint, indictment, or information, could be the basis for finding a juvenile to be a delinquent child for committing an act that, if committed by an adult, would be a felony drug abuse offense;
 {¶ 25} "(2) Any property that was used or intended to be used in any manner to commit, or to facilitate the commission of, an act that, upon the filing of an indictment, complaint, or information, could be prosecuted as a felony drug abuse offense or that, upon the filing of a complaint, indictment, or information, could be the basis for finding a juvenile to be a delinquent child for committing an act that, if committed by an adult, would be a felony drug abuse offense." *Page 6 
 {¶ 26} Appellant argues, although she was aware of her son's prior involvement with drugs, she did not know he was involved with drugs at the time he lived in her home. Rather, she was aware her son had a job, and believed he was making the improvements to the property from money he earned from his employment. Accordingly, appellant concludes forfeiture of the real property was improper.
 {¶ 27} Initially, we note, the State initiated this action pursuant to R.C. 2925.43 as a civil forfeiture.
 {¶ 28} The trial court's August 28, 2006 Judgment Entry states:
 {¶ 29} "There is no question that Liberty Avenue was used to sell and store narcotics. There is no question that some of the improvements, if not all of the improvements to the residence, were obtained by using drugs as a form of currency to pay for the remodeling (R.C. 2925.43). The question here is whether Carol established by a preponderance of the evidence that she neither knew nor should have known after a reasonable inquiry that the property was used, or was likely to be used, in a crime? In addition to the "Innocent Owner Defense", Carol also employed the "Ostrich Defense" and the "What Drugs? Defense".
 {¶ 30} "* * *
 {¶ 31} "However, that part of the statute which states, "nor should have known after a reasonable inquiry that the property was used or was likely to be used" places at least a modicum of responsibility on an innocent owner to inquire as to what the possessor of the property is doing with it, i.e. "Mr. Ott, did you ever ask your car stealing, no good husband what he was doing with your 1988 Town Car when he was bringing home the bacon without any means of buying the pig?" State v.1988 Linclon *Page 7 Town Car, 1999 WL 181202 (Ohio Fifth Dist.); or, "Mrs. Dr. Raymundo, did you ever ask your no good, de-frocked husband if while practicing without a license, he was handing out scripts?" In Re Forfeiture ofCertain Real Property, 112 Ohio App.3d 249; or, "Hey Amanda, where did you think your drug dealing boyfriend was going with your Yukon between 5:30p.m. and 7:00a.m.?" State v. Yukon, 2006 WL 1538275
(8th Dist.); or, maybe the reason Judy, Nancy and Amanda were the title owners to the property to begin with was because Dan, the Doc, and Devane had read R.C. 2933.43(C) earlier in the day. It is my opinion that without interpreting the statute as set out above, there is no way the State of Ohio could ever beat the Ostrich Defense.
 {¶ 32} "In this case, Carol knew her son had a prior conviction for drugs, knew he was dealing drugs, knew that while he may have had some employment, it was not sufficient to pay for the residence, all the improvements the upkeep, and to continue to throw those birthday parties on Liberty.
 {¶ 33} "Under my reading of the law, Carol failed to establish by a preponderance of the evidence that she neither knew nor should have known after reasonable inquiry that the property was used or was likely to be used in a crime. Had Carol asked that simple question andrequested from her most obedient son to explain how this home went fromnear death to the family entertainment center and to show receipts as towhere the money came from, she would have known that the residence wasused or was intended to be used to sell drugs." (Emphasis added).
 {¶ 34} The issue is not whether appellant knew her son was dealing drugs, but rather whether she knew or should have known upon reasonable inquiry whether her son was using her home to facilitate a drug abuse offense. Knowledge of the former *Page 8 
does not necessarily infer knowledge of the latter. The inference is even more tenuous in the case sub judice because appellant never lived in the home, but rather lived in a nursing home due to health problems.
 {¶ 35} R.C. 2933.43(C) relates to whether the owner knew or should have known after reasonable inquiry the property was used or likely tobe used in a crime or administrative violation. Here, the State sought forfeiture of the property based upon appellant's constructive knowledge proceeds from the sale of drugs were used to pay for the improvements to the home, pursuant to R.C. 2925.43(A)(1). Though appellee included the R.C. 2925.43(A)(2) generic language in its compliant, appellee did not seek therein forfeiture based upon the property's use or intended use to facilitate a felony drug abuse offense.[2]'[3] The "reasonable inquiry" standard found in R.C. 2933.43(C) relates to the forfeiture of property under R.C. 2925.43(A)(2), in which the State alleges the property itself was used or intended to be used in any manner to commit, or to facilitate the commission of a felony drug abuse offense. Accordingly, the statute imposes a duty of reasonable inquiry upon the landowner only as to whether the landowner knew or should have known the house was being used to facilitate a drug abuse offense(s); not whether proceeds from the sale of drugs were used in making improvements to the property. Section (A)(1) of the statute does not impose a similar *Page 9 
duty of reasonable inquiry as to whether the funds for the improvement of the property were obtained directly or indirectly from the proceeds of a drug abuse offense(s).
 {¶ 36} Upon review, we believe the trial court may have misinterpreted the statute to impose a duty of reasonable inquiry upon an alleged innocent owner to make inquiry as to the source of funds for the improvements to that owner's property.[4]
 {¶ 37} Accordingly, appellant's second assignment of error is sustained.
 I. {¶ 38} Based upon our disposition of appellant's second assignment of error, we find the first assignment of error to be premature.
 III. {¶ 39} In the final assignment of error, appellant argues the trial court committed plain error in failing to dismiss this case wherein the State exceeded its statutory time limit for the forfeiture of property.
 {¶ 40} Specifically, appellant argues the trial court erred in conducting the hearing more than forty-five days after Steven Mason's plea on August 13, 2004.
 {¶ 41} As noted above, the State initiated this action as a civil forfeiture pursuant to R.C. 2925.43. Section 2925.43(E) sets forth the timing of a hearing for civil forfeiture, stating:
 {¶ 42} "(4) A hearing shall be held in the civil action described in division (E)(1) of this section at least thirty days after the finalpublication of notice as required by division (E)(2) of this section andafter the date of completion of the service of notice by *Page 10 personal service or certified mail, return receipt requested, as required by that division. * * *" (Emphasis added).
 {¶ 43} R.C. § 2925.43
 {¶ 44} Accordingly, the trial court did not err in conducting the hearing more than forty-five days after appellant's plea, as the statute under which appellee sought forfeiture only requires the trial court to conduct the hearing at least thirty days after the final publication of notice and after the date of completion of the service of notice.
 {¶ 45} Appellant's third assignment of error is overruled.
 {¶ 46} For the reason set forth in our disposition of the second assignment of error, the August 28, 2006 Judgment Entry of the Stark County Court of Common Pleas is reversed and the matter remanded to the trial court to redetermine whether the property should be forfeited in accordance with the law and this opinion.
Hoffman, J. Gwin, P.J. and Edwards, J. concur
HON. WILLIAM B. HOFFMAN HON. W. SCOTT GWIN
HON. JULIE A. EDWARDS
 JUDGMENT ENTRY
For the reason stated in our accompanying Memorandum-Opinion, the August 28, 2006 Judgment Entry of the Stark County Court of Common Pleas is reversed and the matter remanded to the trial court for further proceedings in accordance with the law and our opinion. Costs assessed to appellee.
HON. WILLIAM B. HOFFMAN
HON. W. SCOTT GWIN
HON. JULIE A. EDWARDS
[1] That is not to say appellant necessarily knew the drug trafficking offenses took place in the house.
[2] After recitation of the statutory language, the complaint recited the following: "To Wit:
Steven A. Masont [sic] did, during a continuing course of conduct until his arrest on or about May 27, 2004 for Trafficking in Cocaine, a felony of the 3rd degree; acquire the aforementioned property and/or other property through the pattern of corrupt activity and/or drug trafficking; and/or did knowingly receive proceeds derived from the pattern of corrupt activity and/or drug trafficking and did use or invest in the aforementioned properties and/or the operation of the enterprise.
[3] The complaint also sought forfeiture of personal property at the home as well as other items of personal property off premises.
[4] We base our belief on the trial court's statement "the home went from near death to the family entertainment center." We recognize upon reconsideration, the trial court may arrive at the same conclusion even after relieving appellant from the heightened duty of reasonable inquiry as to the origin of funds to improve the home. *Page 1