DECISION. *Page 2 
{¶ 1} On August 18, 2004, the Cincinnati Police Department set up a controlled delivery of heroin in a Howard Johnson hotel. Defendant-appellant David Foster drove Bill Harris to the hotel in his 1994 BMW 740i. Foster entered the hotel room with Harris, and they left carrying a black garbage bag containing a kilogram of heroin.
 {¶ 2} Foster was promptly arrested and later convicted of a felony drug-abuse offense in case number B-0408159. A search of the BMW at the time of the arrest uncovered a digital scale and some pay-and-own sheets, effects commonly used in the drug trade. The state brought a forfeiture action for Foster's 1994 BMW 740i under R.C. 2925.43(A)(2), the civil forfeiture statute. On September 16, 2005, a magistrate made a decision, later affirmed by the trial court, that the BMW was used to facilitate the commission of a felony drug-abuse offense and thus was subject to forfeiture.
 {¶ 3} In his first assignment of error, Foster argues that the application of the Ohio forfeiture statute violated his right to a jury trial under the Sixth Amendment and Blakely v. Washington.[1] Foster's vehicle was forfeited under R.C. 2925.43, in a civil proceeding. TheSixth Amendment to the United States Constitution states that "[i]n allcriminal prosecutions, the accused shall enjoy the right to a speedy and public trial, by an impartial jury * * *." (Emphasis added.) Accordingly, the Sixth Amendment did not apply in this case. Nor didBlakely v. Washington, which prohibits judicial factfinding during criminal sentencing. *Page 3 
 {¶ 4} We recognize that the Ohio Constitution guarantees the right to a jury trial in a civil proceeding.[2] Several states recognize the right to a jury trial in a civil forfeiture proceeding based on their state constitutions.[3] But Foster waived his right to a jury trial when he failed to timely demand it as required by the civil rules. Civ.R. 38(B) provides that "[a]ny party may demand a trial by jury on any issue triable of right by a jury by serving upon other parties a demand * * * not later than fourteen days after the service of the last pleading directed to such issue."[4] The failure to serve a demand as required "constitutes a waiver by him of trial by jury."[5] For the foregoing reasons, Foster's first assignment of error is without merit.
 {¶ 5} In his second assignment of error, Foster argues that Ohio's civil forfeiture statute violates the Ex Post Facto Clause of the United States Constitution. The United States Constitution prohibits states from passing ex post facto laws.[6] Generally, the Ex Post Facto Clause prohibits any legislation that "changes the punishment, and inflicts greater punishment, than the law annexed to the crime, when committed."[7]
 {¶ 6} The Ex Post Facto Clause applies only to criminal statutes,[8]
and the Ohio forfeiture statute, R.C. 2925.43, is a civil statute. But a civil statute may still implicate ex post facto concerns if it is so "punitive either in purpose or in effect as to negate the State's intention to deem it civil."[9] Nonetheless, we decline to address this *Page 4 
issue here. Even if the Ex Post Facto Clause was applicable, there could have been no violation since the forfeiture statute had been in effect for nearly 20 years when this action was commenced. Therefore, we overrule Foster's second assignment.
 {¶ 7} In his third assignment, Foster argues that the state did not file its petition for forfeiture until after a certain 30-day provision had expired. There is no 30-day filing requirement in R.C. 2925.43. The only time requirement in R.C. 2925.43 is that the hearing on the forfeiture must occur "at least thirty days after the final publication of notice."[10] Thus, Foster's third assignment of error is meritless.
 {¶ 8} Finding no error, we affirm the trial court's judgment.
Judgment affirmed.
HILDEBRANDT and HENDON, JJ., concur.
[1] Blakely v. Washington (2004), 542 U.S. 296, 124 S.Ct. 531.
[2] Section 5, Article 1, Ohio Constitution.
[3] See Mims Amusement Co. v. South Carolina Law Enforcement Div.
(S.C. 2005), 621 S.E.2d 344; State v. One 1969 Blue Pontiac Firebird
(S.D. 2007), 737 N.W.2d 271; State ex rel. Dugger v. Twelve ThousandDollars Cash (Okla.Civ.App. 2007), 155 P.3d 858; People v. $17,522.08United States Currency (2006), 142 Cal.App.4th 1076.
[4] Civ.R. 38(B).
[5] Civ.R. 38(D).
[6] Section 10, Article I, United States Constitution.
[7] Miller v. Florida (1987), 482 U.S. 423, 429, 107 S.Ct. 2446, quoting Calder v. Bull (1798), 3 U.S. 386, 390.
[8] State v. Cook, 83 Ohio St.3d 404, 1998-Ohio-291,700 N.E.2d 570.
[9] Smith v. Doe (2003), 538 U.S. 84, 92, 123 S.Ct. 1140.
[10] R.C. 2925.43(E)(4); see, also, State v. Real Property Located at345 N. Liberty Ave, 2007-Ohio-2485, ¶ 44. *Page 1